Exhibit 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** CHAN ZUCKERBERG INITIATIVE, LLC
*(AVISO AL DEMANDADO):* , a Limited Liability Company; GIRISH PATANGAY, an individual, and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** STEPHANIE SITEMAN,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually, and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

| CASE NUMBER:<br>*(Número del Caso):* |
|---|
| **CGC-26-634840** |

Superior Court of California, County of San Francisco
400 McAllister Street
San Francisco, California 94102-4515

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Eugene Zinovyev
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Wilshire Law Firm
660 S. Figueroa St., Sky Lobby, Los Angeles, California 90017                    (213) 381-9988

DATE: **03/12/2026**                    Clerk, by  **MARIVIC VIRAY**                    , Deputy
*(Fecha)*                    *(Secretario)* _____  *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov*<br>Westlaw Doc & Form Builder™ |
|---|---|---|

John G. Yslas (SBN 187324) John.yslas@wilshirelawfirm.com
Eugene Zinovyev (SBN 267245) Eugene.zinovyev@wilshirelawfirm.com
Emily Borman (SBN 303180) emily.borman@wilshirelawfirm.com
John Brown (SBN 233605) John.brown@wilshirelawfirm.com
Gabriella Solé (SBN 346164) Gabriella.sole@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
660 S. Figueroa Street, Sky Lobby
Los Angeles, CA 90017
Telephone: (213) 381-9988 Facsimile: (213) 381-9989
*Attorneys for Plaintiff*

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**03/12/2026**
**Clerk of the Court**
BY: MARIVIC VIRAY
Deputy Clerk

**CGC-26-634840**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| STEPHANIE SITEMAN, individually, and on behalf of all others similarly situated, | **CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT** |
| *Plaintiff,* | Case No. |
| v. | **(1) Equal Pay Act (29 U.S.C. §§ 206, et seq.)** |
| CHAN ZUCKERBERG INITIATIVE, LLC, a Limited Liability Company; GIRISH PATANGAY, an individual, and DOES 1 through 50, inclusive, | **(2) California Equal Pay Act (Cal. Labor Code §§1197.5 et seq., 1194.5)** |
| | **(3) California Private Attorneys General Act of 2004 (Cal Lab. Code §§ 2698-2699)** |
| *Defendants.* | **(4) Unlawful and Unfair Business Practices, (Cal. Bus. And Prof. Code § 17200)** |
| | **(5) Discrimination Based on Physical Disability** |
| | **(6) Failure to Accommodate Actual or Perceived Physical Disability** |
| | **(7) Failure to Engage in Good Faith Interactive Process** |
| | **(8) Discrimination Based on Sex/Gender** |
| | **(9) Harassment – Hostile Workplace Environment** |
| | **(10) Negligent Hiring, Supervision, or Retention** |
| | **(11) Failure to Prevent Discriminatory Practices** |
| | **(12) Fair Employment & Housing Act Retaliation** |
| | **(13) Retaliation in Violation of Labor Code (Labor Code §1102.5)** |
| | **DEMAND FOR JURY TRIAL** |

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

Plaintiff Stephanie Siteman ("Plaintiff"), individually, and on behalf of all others similarly situated, alleges as follows:

**SUMMARY OF CLAIMS**

1.      Plaintiff brings this action on behalf of herself and on behalf of a class and collective of employees against Chan Zuckerberg Initiative, LLC, Girish Patangay, and DOES 1 through 50 ("Defendants") alleging violations of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d); the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940; the California Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code, § 2698 *et seq.*; Cal Lab. Code §§ 201, 202, 203, 204, 218.5, 1102.5, 1194, 2802, and 558.1; the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; and the California Equal Pay Act ("California EPA"), Cal. Lab. Code § 1197.5, on behalf of themselves and employees nationwide.

2.      Defendants are Chan Zuckerberg Initiative, LLC ("CZI"), Girish Patangay ("Patangay"), and DOES 1-50 (collectively with CZI and Patangay, "Defendants").

3.      As a result of Defendants' policies, patterns, and practices, female employees of Defendants receive less compensation and are promoted less frequently than their male counterparts.

4.      In addition to bringing this action on Plaintiff's own behalf, Plaintiff also brings this action on behalf of similarly situated current and former female employees of Defendants in the United States and California, in order to end Defendants discriminatory practices and make these employees whole.

**JURISDICTION AND VENUE**

5.      Plaintiff is informed and believes, and based thereon alleges, that this Court has subject matter jurisdiction over the claims alleged in this Complaint, which are made pursuant to California law and/or concern actions that were taken within the State of California. This Court also has personal jurisdiction over Defendants because: (1) Defendants regularly conduct business within the State of California and have continuous and systematic affiliations within the State of California, and have availed themselves of the laws of the State of California; (2) Defendant Chan Zuckerberg Initiative, LLC  is a California corporation with its principle place of business in the County of San Francisco; (3) Plaintiff's injuries occurred in California.

6.    Venue is proper in this Court pursuant to California Government Code §12965(c)(3) because the unlawful acts alleged herein occurred and continue to occur in the County of San Francisco. Cal. Gov't Code § 12965(c)(4); *Brown v. Super. Ct.*, 37 Cal.3d 477, 484-85 (1984).

7.    Within the time provided by law, Plaintiff filed a complaint with the California Civil Rights Department, in full compliance with these sections, and has received and served a right-to-sue letter. A true and correct copy of Plaintiff's Charge and Right to Sue letter is attached as Exhibit A.

### THE PARTIES

#### Plaintiff

8.    Plaintiff Stephanie Siteman ("Plaintiff") is a female over the age of 18 who currently is and has been employed by Defendant Chan Zuckerberg Initiative, LLC and is a resident of the County of Haywood, State of North Carolina.

#### Defendants

9.    Defendant Chan Zuckerberg Initiative, LLC is a corporation formed under the laws of the State of California with its corporate headquarters in San Francisco, State of California.

10.    Defendant Girish Patangay is a male over the age of 18 who currently is and has been employed by the Chan Zuckerberg Initiative, LLC and is a resident of the County of San Francisco, State of California.

11.    Upon information and belief, Defendants' California headquarters maintain control, oversight, and direction over the operation of its facilities, including its employment practices.

12.    During all relevant times, Defendants were Plaintiff's employers within the meaning of all applicable statutes.

13.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 50, inclusive, and therefore sues defendants under such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the events and happenings referred to and proximately caused injury and damages thereby to Plaintiff as herein alleged. Plaintiff is informed, believes, and alleges that Does 1 through 50 are residents

and citizens of the State of California.

14.     At all relevant times, each defendant and Does 1-50 were the agents, servants, and alter-egos of each other, and as such, the acts and omissions of one defendant are considered the acts and omissions of all defendants. Plaintiff is informed and believes and alleges that there is such unity of interests and ownership between these defendants that separate status no longer exists and that observance of the fiction of separate existence among these defendants would sanction fraud and promote injustice.

15.     All actions and conduct of Defendants and Does 1-50 as alleged herein were committed in San Francisco County, State of California. Plaintiff is further informed and believes that witnesses to the events described herein were and are residents of San Francisco County, California.

16.     The damages in controversy demanded by Plaintiff are greater than $25,000.00.

17.     At all pertinent times, Defendants have employed more than 200 people.

## FACTUAL ALLEGATIONS

18.     Defendants maintain uniform employment, compensation, performance review, and promotion policies throughout California.

19.     Plaintiff Stephanie Siteman ("Plaintiff") is an information security professional who began employment with Defendant Chan Zuckerberg Initiative, LLC ("CZI") on or about March 25, 2019, as a Program Manager within CZI's Central Technology division.

20.     Each of the employment agreements that Plaintiff executed with CZI, which remain in full force and effect, state that her employment with CZI will be governed under California law. Specifically, Plaintiff's offer letter with CZI, dated December 19, 2018, states that the employment agreement "shall be governed by, and construed in accordance with, the laws of the State of California applicable to contracts executed in and to be performed in that state and without regard to any principles of conflicts of law." Likewise, the Confidential Information and Inventions Assignment Agreement that Plaintiff signed as a condition of commencing employment with CZI states: "This Agreement will be governed by, and construed in accordance with, the laws of the State of California, as such laws are applied to agreements entered into and to be performed entirely within

3

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

California between residents of California."

21. Likewise, at all times, Plaintiff's supervisors at CZI (including Defendant Girish Patangay), who directed her work, made all arrangements with respect to her employment, and made all decisions with respect to the terms and conditions of her employment, have resided in California and performed their job duties for CZI in California.

22. Throughout her employment with CZI, Plaintiff consistently performed her duties competently and received positive performance evaluations, performance bonuses, and organizational recognition for her leadership and technical contributions. During her tenure, Plaintiff built and managed critical security programs and supervised a growing team of employees and contingent workers. Indeed, since joining CZI, Plaintiff has consistently demonstrated extraordinary leadership and technical expertise. Her 93% employee engagement score – nearly 30 points above CZI's company average of 64% – reflects her remarkable ability to build and lead high-performing teams.

23. In or around January 2021, CZI reassigned Plaintiff to report to Defendant Girish Patangay ("Patangay"), who held senior leadership authority within Central Technology. At all times relevant to this Action, Patangay resided and performed his job duties for CZI in California. Following this reassignment, Plaintiff and other female employees were subjected to ongoing gender-based hostility, differential treatment, and workplace conduct that disproportionately targeted women.

24. Under Patangay's supervision, female employees—including Plaintiff—were regularly required to perform administrative and personal service tasks not imposed on similarly situated male employees, including ordering food, coordinating meetings, and performing support functions unrelated to their professional roles. Female employees were excluded from meetings, decision-making processes, and advancement opportunities provided to male counterparts. Patangay frequently directed professional communications toward male employees while disregarding or undermining female managers during meetings.

25. Patangay also made repeated unwelcome, offensive, severe and pervasive comments concerning female employees' appearance, weight, and perceived personal characteristics, and

4

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

monitored or referenced female employees' personal social media activity in workplace discussions. Multiple female employees complained internally to CZI's Human Resources Department and leadership regarding Patangay's conduct and its impact on workplace conditions. These complaints were documented by CZI and the female employees who reported them.

26. Despite repeated complaints made by female employees to Human Resources and leadership, CZI retained Patangay in a supervisory role over female employees and failed to take effective corrective action. Several female employees sought transfers, medical leave, or separation from employment following exposure to the hostile working environment.

27. In February 2025, while attending a mandatory business trip for CZI in California, Plaintiff suffered a serious medical emergency requiring emergency hospitalization and ongoing treatment. Plaintiff notified CZI of her condition and requested assistance related to travel and recovery while incapacitated. CZI declined to provide assistance or engage in discussions or the interactive process regarding accommodation or support.

28. Beginning in 2025, Plaintiff experienced materially adverse changes to the terms and conditions of her employment. CZI and Patangay withdrew a previously promised promotion, removed significant job responsibilities and programs Plaintiff had developed, excluded Plaintiff from leadership communications and meetings, and reassigned portions of her work to others.

29. During this same period, as discussed in detail below, Plaintiff was compensated substantially less than male subordinates who reported to her despite holding a higher-level leadership position with broader managerial responsibilities and superior performance metrics.

30. On May 5, 2025, Plaintiff and another female employee formally reported discrimination and harassment by Patangay to CZI's senior leadership and requested that CZI's conduct an independent investigation. Rather than investigating Plaintiff's complaints, CZI initiated a retaliatory investigation into Plaintiff herself. Plaintiff was further advised that raising complaints could negatively affect her professional reputation and performance evaluations.

31. As a result of the ongoing harassment, discrimination, retaliation, and CZI's failure to address reported misconduct, Plaintiff experienced significant physical and psychological harm, including anxiety, depression, sleep disruption, and stress-related medical symptoms requiring

treatment and protected medical leave beginning June 27, 2025.

32. CZI knew or should have known of Patangay's propensity to engage in discriminatory and harassing conduct toward female employees through multiple prior complaints and reports but failed to adequately supervise, discipline, or remove him from a position of authority. CZI's failure to take reasonable corrective action allowed the discriminatory and retaliatory conduct alleged herein to continue and substantially contributed to Plaintiff's injuries.

33. Despite Plaintiff's role as Director managing over 30 employees and contingent workers and multiple critical security programs, she was paid $ 242,356.17 annually – substantially less than the men who reported to her.

34. Plaintiff achieved a 93% employee engagement score (versus CZI's 64% average), received CEO recognition as a "top performer," earned over $200,000 in performance bonuses, and successfully built teams from 15 to over 30 employees and contingent workers.

35. Plaintiff was paid significantly less than her male subordinates – men who reported to her and managed far fewer employees. This inverted pay structure defies every principle of organizational hierarchy. When a promotion was promised to Plaintiff in April 2024, she was notified of the pay discrepancy between herself and her male counterpart since she would see the pay difference once her male counterpart reported to her. The verbal promise of promotion was withdrawn immediately after Plaintiff's medical leave and in response to her complaint to CZI regarding Patangay's discriminatory, harassing and retaliatory conduct.

36. Plaintiff's male counterparts all worked in the same department under similar conditions, but Plaintiff had the most responsibility and experience.

37. Plaintiff has been on a leave of absence due to the medical conditions resulting from Defendants' discriminatory, harassing, and retaliatory treatment since June 27, 2025. At all times, Plaintiff has attempted to engage in the interactive process with CZI and provided them with her supporting doctor's notes placing her on leave. On February 17, 2026, Plaintiff provided CZI with a doctor's note dated February 16, 2026, extending her leave of absence through April 16, 2026.

**Common Policies and Practices Concerning Compensation**

38. On information and belief, throughout the Class and Collective Period, Defendants

have maintained and continues to maintain a centrally determined and uniformly applied policy and/or practice of paying its female employees less than male employees for substantially equal or similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions.

39. On information and belief, throughout the Class and Collective Period, Defendants' compensation policies and practices have been and continue to be centrally determined and applied in the same manner to all of Defendants' female employees, whether they work in person or remotely.

40. On information and belief, throughout the Class and Collective Period, regardless of the offices to which they report, and whether employees work remotely or in person, Defendants' female employees have performed, from the beginning of the Class and Collective Period through the present, substantially equal or similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions. Throughout the Class and Collective Period, Defendants have paid women including the named Plaintiff, less than men in the same job position and level, even though under Defendants' classification system, persons in the same job positions and level performed substantially equal or similar work.

41. On information and belief, throughout the Class and Collective Period, Defendants have used common, unvalidated, unreliable, and discriminatory procedures for evaluating employee performance that systematically undervalued female employees relative to their similarly situated male peers.

42. On information and belief, throughout the Class and Collective Period, Defendants have paid female employees less compensation (including but not limited to salary, bonus, other cash compensation, and other wages and/or other compensation) than it paid to their male counterparts.

43. Raises at CZI perpetuate and widen the gender pay gap because they are based on a percentage of the employees' existing base salary—so the longer a woman works at CZI, the larger the gap in compensation she receives compared to similarly situated men, even men performing substantially equal or similar work. In addition, inequity in compensation based on gender compounds over time because periodic compensation decisions, such as salary increases, are affected by current salary and salary band.

44.      Defendants' employees' cash compensation includes two components: salary and bonuses. Biannually and/or annually, employees are eligible for a merit increase to their base salary and bonuses. Because female employees have been paid less than men in the same occupation, their raises are impacted and disproportionate to male employees, over women employees. Furthermore, the bonus calculation is based on the following formula: Eligible Wages × Target Bonus % × Performance Multiplier. Because female employees have been paid less than men in the same occupation, their bonuses have also been impacted and disproportionate to male employees, over women employees. Additionally, salary increases are based on a uniform percentage.

45.      Furthermore, Defendants' employees receive compensation in the form of benefits, such as health care (e.g., medical, dental, vision) benefits, retirement benefits (e.g., 401(k) plans), and disability benefits. On information and belief, Defendants have awarded benefits disproportionately to male employees over women employees. Because female employees have been paid less than men in the same occupation, the benefits they receive are impacted and disproportionate to male employees, over women employees.

46.      Defendants' uniform nation-wide employment practices have had a disparate impact against female employees, in terms of compensation.

**Promotions**

47.      On information and belief, throughout the Class and Collective Period, Defendants also employ common, unvalidated, unreliable, and discriminatory procedures for selecting employees for promotion. Because promotions are tied to the performance review process, female employees have been adversely impacted in promotions as well. Promotions have not been determined by objective, valid, and/or reliable performance measures. Additionally, because promotions often cause increases in compensation, Defendants' promotion practices have caused and compounded compensation inequities that harm and have harmed Plaintiff, the Class, and Collective.

48.      On information and belief, throughout the Class and Collective Period, female employees were promoted at a slower rate than male employees with higher metrics.

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

**<u>CZI Paid Plaintiff and Other Employees Less Than Their Male Counterparts and Deprived Them of Opportunities to Advance</u>**

49.    Plaintiff was treated differently than her male colleagues. For example, male subordinates were paid significantly more than her – men who reported to her and managed far fewer employees. This inverted pay structure defies every principle of organizational hierarchy. On information and belief, male employees were not subject to similar treatment.

50.    In addition, Plaintiff was promised a promotion in April 2024 at which time Plaintiff was informed of the pay discrepancy since she would see the pay difference once the male counterpart reported to her. The verbal promise of promotion was withdrawn immediately after her medical leave. On information and belief, her male counterparts were not subject to this treatment.

<b><u>COLLECTIVE ACTION ALLEGATIONS</u></b>

51.    Defendants have in systemic gender discrimination in pay against its female employees. Defendants have caused, contributed to, and perpetuated gender-based pay disparities through common policies, practices, and procedures, including but not limited to common compensation and performance management policies, and centralized decision-making with respect to pay.

52.    Plaintiff seeks to be appointed as representative of the Collective.

53.    Plaintiff brings Collective EPA claims pursuant to 29 U.S.C. § 216(b) seeking liability-phase injunctive and declaratory relief, monetary damages and other make-whole relief on behalf of the following ("Collective" and "Collective Period"):

> **All women employed by who worked for Defendants at any time during the time period between beginning three years before the filing of the initial complaint in this action through the date of trial in this action.**

54.    Plaintiff and the Collective are similarly situated in that she is a female employee at Defendants and have been affected by policies and practices that have the purpose and effect of denying them employment opportunities because of her gender. These policies and practices result in unequal pay based on sex by failing to compensate members of the Collective at a level commensurate with male employees who perform substantially equal work and/or hold equivalent levels, job titles,

9<br>CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

and positions.

55.    Plaintiff and the Collective have been paid less than male colleagues in the same establishment for work requiring equal skill, effort, and responsibility and performed under similar working conditions. This unequal pay is not justified by seniority, a merit system, a system that measures earnings by quality or quantity of production, or any factor other than sex.

56.    There are many similarly situated Collective members who would benefit from the issuance of a court-supervised notice and the opportunity to join the present lawsuit. Notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

57.    Questions of law and fact common to Plaintiff and the Collective include, but are not limited to, the following:

(a)    Whether members of the Collective were subjected to an unlawful common policy that resulted in unequal pay for equal work;

(b)    Whether Defendants unlawfully failed and continues to fail to compensate members of the Collective at a level commensurate with similarly situated male employees;

(c)    Whether Defendants' policy, practice, or procedure of failing to compensate members of the Collective at levels commensurate with comparable male employees violates applicable provisions of the EPA; and

(d)    Whether Defendants' failure to compensate members of the Collective at a level commensurate with comparable male employees was willful within the meaning of the EPA.

58.    Counts for violation of the EPA may be brought and maintained as an "opt-in" Collective action pursuant to 29 U.S.C. § 216(b) for all claims asserted by the Plaintiff, because her claims are similar to the claims of the Collective she seeks to represent.

59.    Defendants are aware or should have been aware that federal law requires them to pay their female employees at a rate commensurate to that of male employees performing substantially equal or similar work.

60.    Throughout Plaintiff's employment, Defendants committed numerous labor code

10

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

violations under state law. As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

## CLASS ACTION ALLEGATIONS

61.    Plaintiff brings a California class action on behalf of herself and on behalf of the following proposed class for violations of the Equal Pay Act and the Unfair Business Practices Act ("Class" and "Class Period"):

**All women employed by who worked for Defendants, in California at any time during the time period between beginning four years before the filing of the initial complaint in this action through the date of trial in this action.**

62.    This action is appropriately suited for a Class Action because:

63.    The proposed Class is numerous and ascertainable. The proposed Class includes more than 200 current and former female employees of Defendants in California. Joinder of all Class Members would be impractical.

64.    This action involves questions of law and fact common to Plaintiff and all Class Members which predominate over any individual issues, including but not limited to: (a) whether Defendants have had a systemic policy and/or practice, from the beginning of the Class Period through the present, of paying its female employees at wage rates lower than those paid to its male employees performing substantially equal or similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar conditions; (b) whether Defendants' systemic policy and/or practice of paying its female employees at wage rates lower than those paid to their male counterparts violates the California Equal Pay Act, as amended, Cal. Labor Code § 1197.5; (c) whether Defendants' systemic policy and/or practice of paying its female employees at wage rates lower than those paid to their male counterparts was willful; (d) whether Defendants' performance evaluation system is biased against women and has disparate impact on women; and (e) whether Defendants used a promotion system that lacks meaningful or appropriate standards, implementation metrics, quality controls, transparency and opportunities for redress which precluded and/or delayed the promotion of Class Members into higher level positions traditionally held by males. These common questions of law and fact predominate over any questions affecting only individual Class

11

Members in this action.

65.    Plaintiff's claims are typical of putative Class Members' claims because she is a woman who is employed by Defendants during the Class Period, and, on information and belief, was paid less than male employees for substantially equal or similar work.

66.    Plaintiff is able to fairly and adequately protect the interests of all members of the Class because it is in Plaintiff's best interest to prosecute the claims alleged herein to obtain full compensation due to the Class for all work performed, and to obtain injunctive relief to protect the Class from further discriminatory wage rates going forward. Plaintiff has selected counsel who have the requisite resources and ability to prosecute this case as a Class Action and are experienced labor and employment attorneys who have successfully litigated other cases involving similar issues, including in Class actions.

67.    This suit is properly maintained as a Class action under C.C.P. § 382 because Defendants have implemented an unlawful wage rate scheme that is generally applicable to the Class and has adopted policies or practices that have a disparate impact on women, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the Class as a whole. This suit is also properly maintained as a Class action because the common questions of law and fact predominate over any questions affecting only individual members of the Class. For all these and other reasons, a Class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth herein.

**FIRST CLAIM FOR RELIEF**

**Equal Pay Act (The Fair Labor Standards Act of 1938, as amended by The Equal Pay Act, 29 U.S.C. §§ 206, *et seq.*)**

**(On Behalf of Plaintiff and the Proposed Collective)**

**(Against Defendant Chan Zuckerberg Initiative, LLC and Does 1-50)**

68.    Plaintiff re-alleges and incorporate the preceding paragraphs as alleged above.

69.    Defendants have discriminated against Plaintiff and the Collective in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 206, et seq., as amended by the Equal Pay Act of 1963 ("EPA"). Defendants have paid Plaintiff and the Collective less than similarly-situated male

colleagues performing equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

70. The differential in pay between male and female employees was not due to seniority, merit, quantity, or quality of production, but was due to gender. Defendants did not act in good faith, and caused, attempted to cause, contributed to, or caused the continuation of, the wage rate discrimination based on sex in violation of the EPA. Moreover, the foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a). Because Defendants have willfully violated the EPA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255(a).

71. As a direct result of Defendants' discriminatory policies and/or practices as described above, female employees have suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

72. Plaintiff requests relief as hereinafter described.

**SECOND CLAIM FOR RELIEF**

**California Equal Pay Act (Cal. Labor Code §§1197.5 *et seq*., 1194.5)**

**(On Behalf of Plaintiff and the Proposed Class)**

**(Against Defendant Chan Zuckerberg Initiative, LLC and Does 1-50)**

73. Plaintiff re-alleges and incorporates the preceding paragraphs as alleged above.

74. Defendants have discriminated and continue to discriminate against female employees in violation of California Labor Code § 1197.5 et seq. by paying them at wage rates less than the wage rates paid to its male employees for substantially equal or similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions. Defendants group persons performing substantially similar work by job position and level. Defendants nevertheless pay its women less than men in the same job positions and levels performing substantially similar work.

75. Defendants' failure to pay female employees equal wages for performing substantially similar work is not justified by any lawful reason.

76. Defendants have willfully violated California Labor Code § 1197.5 by intentionally,

13

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

knowingly, and/or deliberately paying female employees less than male employees for substantially equal or similar work throughout the Class Period. Defendants knew that it was paying women less than men in the same job positions and levels performing substantially similar work but took no action to equalize men's and women's pay. Defendant's failure to pay female employees the same wage rates for substantially similar work was willful.

77.    As a result of Defendants' ongoing conduct, violation of California Labor Code § 1197.5, and/or willful discrimination, female employees have suffered and will continue to suffer harm, including but not limited to lost earnings, lost benefits, and other financial loss, as well as non-economic damages.

78.    Plaintiff and Class Members are therefore entitled to all legal and equitable remedies available under law, including wages due, interest thereon, and liquidated damages.

### THIRD CLAIM FOR RELIEF PAGA

### (California Private Attorneys General Act of 2004, Cal Lab. Code §§ 2698-2699.5)

### (On Behalf of Plaintiff and All Aggrieved Employees)

### (Against Defendant Chan Zuckerberg Initiative, LLC and Does 1-50)

79.    Plaintiff realleges and incorporates by reference all other paragraphs as alleged above.

80.    Under PAGA, an aggrieved employee, on behalf of herself and other current or former employees as well as the general public, may bring a representative action as a private attorney general to recover penalties for an employer's violations of the California Labor Code and IWC Wage Orders. These civil penalties are in addition to any other relief available under the California Labor Code and must be allocated 65% to California's Labor and Workforce Development Agency ("LWDA") and 35% to the aggrieved employee, pursuant to California Labor Code § 2699.

81.    Plaintiff alleges, on behalf of herself and all aggrieved employees, as well as the general public, that Defendants have violated California Labor Code §§§§ 201, 202, 203, 204, 218.5, 558.1, 1194, and 2802.

82.    California Labor Code sections 201, 202, 204, 2802 and 558.1 require Defendants to

14

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

pay their employees all wages due within the time specified by law. California Labor Code section 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

83.    As a consequence of Defendants' willful conduct in not timely paying full compensation for Plaintiff and California employees, Plaintiff seeks to recover all penalties allowed under California law together with interest thereon and attorneys' fees and costs.

84.    Labor Code sections 218.5, and separately 1194, require employers who fail to pay all of their employees' wages or benefits are liable for the employees' reasonable attorneys' fees and costs.  Plaintiff hereby claims all of her reasonable attorneys' fees and costs in this action for each of her unpaid wage claims.

85.    Furthermore, as a result of Defendants' common policies and practices, Defendants have discriminated against Plaintiff and aggrieved employees by paying them less than similarly situated male coworkers and failing to promote them at the same or similar rate as their male coworkers.

86.    The differential in pay between females and males was not due to seniority, merit, the quantity or quality of production, or a bona fide factor other than sex, such as education, training, or experience, but was due to gender. In the alternative, to the extent that Defendants relied upon one or more of these factors, said factor(s) were not reasonably applied and did/do not account for the entire wage differential.

87.    Defendants caused, attempted to cause, contributed to, or caused the continuation of wage rate discrimination based on sex. The foregoing conduct constitutes a willful violation of the Equal Pay Act, Cal. Lab. Code §1197.5, *et seq*.

88.    As a result of Defendants' willful, knowing, and intentional discrimination, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost earnings, lost benefits, and other financial loss, as well as non-economic damages.

89.    This violation entitles Plaintiff, as private attorneys general, to recover the applicable civil penalties on their own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

15

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

Labor Code § 2699(a), which is part of PAGA, provides in pertinent part: (a) Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of the employee and other current or former employees against whom a violation of the same provision was committed pursuant to the procedures specified in Section 2699.3.

90.     Plaintiff is entitled to civil penalties, to be paid by Defendants and allocated as PAGA requires, pursuant to California Labor Code § 2699(a) for Defendants' violations of the California Labor Code for which violations a civil penalty is already specifically provided by law.

91.     Plaintiff is also entitled to civil penalties, to be paid by Defendants and allocated as PAGA requires, pursuant to California Labor Code § 2699(f) for Defendants' violations of the California Labor Code for which violations a civil penalty is not already specifically provided.

92.     On August 21, 2025, Plaintiff provided written notice by certified mail to the LWDA of the legal claims and theories of this case. Plaintiff simultaneously provided a copy of that notice by certified mail to Defendants. The LWDA did not provide notice "within 65 calendar days of the postmark date of" Plaintiff's notice, so Plaintiff is entitled to assert this claim. Cal. Labor Code § 2699.3(a)(2).

93.     Under PAGA, Plaintiff and the California employees are entitled to recover the maximum civil penalties permitted by law for the violations of the California Labor Code that are alleged in this Complaint.

## FOURTH CLAIM FOR RELIEF

### Unlawful and Unfair Business Practices (Cal. Bus. And Prof. Code § 17200)

### (On Behalf of Plaintiff and the Proposed Class)

### (Against Defendant Chan Zuckerberg Initiative, LLC and Does 1-50)

94.     Plaintiff realleges and incorporates by reference all other paragraphs as alleged above.

95.     Defendants' policies and/or practices of paying female employees less than male employees for substantially equal or similar work and of discriminating against female employees in

compensation and the terms, conditions, and privileges of employment on the basis of their sex constitute business practices because Defendants' acts and omissions as alleged herein have been done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff and the Class. Defendants' acts and omissions, as alleged herein, violate the EPA, the California EPA, the California Labor Code, PAGA, and FEHA, and therefore constitute unlawful business practices prohibited by Business & Professions Code § 17200 et seq.

96.    Defendants' acts and omissions, as alleged herein, constitute unfair business practices prohibited by Business & Professions Code § 17200 et seq. Defendants' business practices of paying female employees less than male employees for substantially equal or similar work, of assigning and keeping female employees in lower levels and less highly compensated job ladders than similarly-qualified male employees, and of failing to promote female employees caused harm to Plaintiff and other Class Members outweigh any reason Defendants may have for doing so. Defendants' business practices as alleged herein are also immoral, unethical, oppressive, unscrupulous, and offensive to the established public policies of ensuring women are paid equally to male individuals for performing substantially equal or similar work. As a result of its unlawful and/or unfair business practices, Defendants have reaped and continues to reap unfair and illegal profits at the expense of Plaintiff and other Class Members. Accordingly, Defendants should be disgorged of its illegal profits, and Plaintiff and the Class Members are entitled to restitution with interest of such ill-gotten profits in an amount according to proof at the time of trial.

97.    Defendants' unlawful and/or unfair business practices entitle Plaintiff and the Class members to preliminary and permanent injunctive relief and other equitable relief available under law.

## FIFTH CAUSE OF ACTION

**Discrimination Based on Physical Disability (Government Code §§ 12940 (a) and 12926 (o))**

**(Against Defendant Chan Zuckerberg Initiative, LLC and Does 1-50)**

98.    Plaintiff refers to and incorporates each paragraph above as though set forth in full in this cause of action.

99. At all relevant times, Government Code §§ 12940  (a) and 12926 (o) were in full force

and effect and binding on Defendants. These statutes prohibit Defendants from discriminating against any employee based on that employee's actual and/or perceived physical disability.

100. Plaintiff alleges that Plaintiff's physical disability was a motivating factor in Defendants' wrongdoing, including, without limitation, the following: (1) Defendants' refusal to reasonably accommodate Plaintiff's disability; (2) Defendants' failure to engage in a timely, good-faith, interactive process with Plaintiff to determine whether a reasonable accommodation could be provided for their disability; and (3) withdrawing a previously promised promotion; (4) removing significant job responsibilities and programs Plaintiff had developed; (5) excluding Plaintiff from leadership communications and meetings; and (5) reassigning portions of her work to others.

101. At all relevant times, Plaintiff was an individual with a disability within the meaning of Government Code § 12926(m). Additionally, at all relevant times, Plaintiff was willing, able, and qualified to perform the duties and functions of the position in which they were employed and/or trained or could have performed the duties and functions of that position with reasonable accommodation. At no time would Plaintiff's performance of the employment position, with reasonable accommodation for Plaintiff's disability, have been a danger to Plaintiff or any other person's health or safety. Reasonable accommodation of Plaintiff's disability would not have imposed an undue hardship on Defendants.

102. Defendants' acts and omissions constitute unlawful and discriminatory employment practices on account of Plaintiff's physical disability, in violation of Government Code § 12900, *et seq*.

103. As a direct, foreseeable, and proximate result of Defendants' conduct as alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

104. As a direct, foreseeable, and proximate result of Defendants' wrongful acts and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

provision of law providing for prejudgment interest.

105. As a direct, foreseeable, and proximate result of Defendants' discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendants' discriminatory and wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

106. As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

107. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendants' wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, the alleged wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent and Defendants had advance knowledge of the unfitness of its decision-maker and employed them with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified their conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages commensurate with Defendants' wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

108. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the Fair Employment and Housing Act.

**WHEREFORE**, Plaintiff prays judgment against Defendant CZI and Does 1-50 as is more fully set forth hereinafter.

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

**SIXTH CAUSE OF ACTION**

**Failure to Accommodate Actual or Perceived Physical Disability**

**(Government Code § 12940 (m))**

**(Against Defendant Chan Zuckerberg Initiative, LLC and Does 1-50)**

109.    Plaintiff refers to and incorporates each paragraph above as though set forth in full in this cause of action.

110.    At all relevant times, Government Code §§ 12940 (a) and 12940 (m) were in full force and effect and binding on Defendants. These statutes require Defendants to provide reasonable accommodation to known disabled employees.

111.    At all relevant times, Defendants were fully aware of Plaintiff's disability. Plaintiff attempted to obtain reasonable accommodation from Defendants for their disability. Defendants, through their owners, managers, employees, and agents, refused to provide Plaintiff with reasonable accommodations and engage in any meaningful discussion to determine if Plaintiff could be reasonably accommodated. Reasonable accommodation of Plaintiff's disability would not have imposed an undue hardship on Defendants.

112.    Defendants' discriminatory and retaliatory actions against Plaintiff, as alleged above, constitute unlawful discrimination in employment on account of Plaintiff's disability, in violation of the Fair Employment and Housing Act, because Defendants failed to reasonably accommodate Plaintiff's disability despite full awareness thereof and despite being requested to provide reasonable accommodations. (See Government Code § 12940 (m)).

113.    Defendants' acts and omissions, including failing to reasonably accommodate Plaintiff, constitute unlawful and discriminatory employment practices because of Plaintiff's physical disability in violation of Government Code § 12900, *et seq*.

114.    As a direct, foreseeable, and proximate result of Defendants' conduct as alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

115.    As a direct, foreseeable, and proximate result of Defendants' wrongful acts and

failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any provision of law providing for prejudgment interest.

116. As a direct, foreseeable, and proximate result of Defendants' discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendants' discriminatory and wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

117. As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

118. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendants' wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, the alleged wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent and Defendants had advance knowledge of the unfitness of its decision-maker and employed them with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified their conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages commensurate with Defendants' wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

119. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the Fair Employment and Housing Act.

**WHEREFORE**, Plaintiff prays judgment against Defendant CZI and Does 1-50 as is more fully set forth hereinafter.

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

**SEVENTH CAUSE OF ACTION**

**Failure to Engage in Good Faith Interactive Process (Government Code § 12940 (n))**

**(Against Defendant Chan Zuckerberg Initiative, LLC and Does 1-50)**

120.   Plaintiff refers to and incorporates each paragraph above as though set forth in full in this cause of action.

121.   At all relevant times, Government Code §§ 12940 (a) and 12940 (n) were in full force and effect and binding on Defendants. These statutes require Defendants to engage in a timely, good-faith, interactive process with an employee who has a known disability or known medical condition to determine whether an effective reasonable accommodation can be provided.

122.   At all relevant times, Defendants knew that Plaintiff had a physical disability, and Plaintiff attempted to obtain a reasonable accommodation from Defendants for her disability. Defendants, through its employees and agents, failed to adequately and timely respond to Plaintiff's requests for reasonable accommodation and refused to engage in any meaningful discussion to determine whether Plaintiff could be provided with reasonable accommodation.

123.   Defendants refused and failed to engage in a timely and adequate good-faith interactive process with Plaintiff to determine an effective reasonable accommodation in response to Plaintiff's request for reasonable accommodation in violation of Government Code § 12940 (n).

124.   Defendants' acts and omissions constitute unlawful and discriminatory employment practices on account of Plaintiff's physical disability, in violation of Government Code § 12900, *et seq*.

125.   As a direct, foreseeable, and proximate result of Defendants' conduct as alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

126.   As a direct, foreseeable, and proximate result of Defendants' wrongful acts and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any

provision of law providing for prejudgment interest.

127. As a direct, foreseeable, and proximate result of Defendants' discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendants' discriminatory and wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

128. As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

129. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendants' wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, the alleged wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent and Defendants had advance knowledge of the unfitness of its decision-maker and employed them with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified their conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages commensurate with Defendants' wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

130. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the Fair Employment and Housing Act.

**WHEREFORE**, Plaintiff prays judgment against Defendant CZI and Does 1-50 as is more fully set forth hereinafter.

**EIGHTH CAUSE OF ACTION**

**Discrimination Based on Sex/Gender (Government Code §§ 12940 (a) and 12926 (o))**

**(Against Defendant Chan Zuckerberg Initiative, LLC and Does 1-50)**

131. Plaintiff refers to and incorporates each paragraph above as though set forth in full in

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

this cause of action.

132.   At all times mentioned, Government Code §§ 12940 (a) and 12926 (o) were in full force and effect and binding on Defendants. These statutes prohibit Defendants from discriminating against an employee based on sex/gender.

133.   Defendants' acts and omissions constitute unlawful and discriminatory employment practices because of Plaintiff's sex/gender in violation of Government Code § 12900, *et seq*.

134.   As a direct, foreseeable, and proximate result of Defendants' conduct as alleged herein, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

135.   As a direct, foreseeable, and proximate result of Defendants' conduct as alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

136.   As a direct, foreseeable, and proximate result of Defendants' wrongful acts and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any provision of law providing for prejudgment interest.

137.   As a direct, foreseeable, and proximate result of Defendants' discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendants' discriminatory and wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

138.   As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an

amount to be proven at trial.

139. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendants' wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, the alleged wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent and Defendants had advance knowledge of the unfitness of its decision-maker and employed them with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified their conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages commensurate with Defendants' wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

140. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the Fair Employment and Housing Act.

**WHEREFORE**, Plaintiff prays judgment against Defendant CZI and Does 1-50 as is more fully set forth hereinafter.

## FIRST CAUSE OF ACTION

### Harassment – Hostile Workplace Environment (Government Code §§ 12940 (a) & 12926 (o))

### (Against Defendant Chan Zuckerberg Initiative, LLC, Girish Patangay, and Does 1-50)

141. Plaintiff refers to and incorporates each paragraph above as though set forth in full in this cause of action.

142. At all times mentioned, Government Code §§ 12940 (a) and 12926 (o) were in full force and effect and binding on Defendants. These statutes prohibit Defendants from discriminating against, harassing, and retaliating against any employee based on, among other things, age, race, national origin, disability, sex, and gender.

143. At all relevant times, Defendants employed Plaintiff. Defendants subjected Plaintiff to harassing conduct because of Plaintiff's sex and disability.

144. At all relevant times, Patangay occupied managerial positions at CZI, had direct supervisory authority over Plaintiff, and/or directly supervised Plaintiff within the scope of employment and authority.

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

145. As alleged in this Complaint, Defendants' harassment included, without limitation: Patangay withdrew a previously promised promotion, removed significant job responsibilities and programs Plaintiff had developed, excluded Plaintiff from leadership communications and meetings, and reassigned portions of her work to others. Patangay also made biased and disparaging comments to Plaintiff and other women in the workplace based on their sex/gender, as well as made biased and disparaging comments about Plaintiff's disability. During this same period, as discussed in detail above, Plaintiff was compensated substantially less than male subordinates who reported to her despite holding a higher-level leadership position with broader managerial responsibilities and superior performance metrics.

146. Defendants' conduct subjected Plaintiff to harassment based on their sex and disability thereby creating an abusive, hostile, intimidating, oppressive, and offensive work environment for Plaintiff.

147. Defendants' harassing conduct was both severe and pervasive, as well as unwelcome. Frequent and continuous, Defendants' harassment altered the conditions of Plaintiff's employment and created a work environment that was hostile, intimidating, offensive, oppressive, and abusive for Plaintiff.

148. Any reasonable person in Plaintiff's circumstances would have considered the work environment created by Defendants' harassment to be hostile, intimidating, offensive, oppressive, and abusive. Plaintiff considered their work environment hostile, intimidating, offensive, oppressive, and abusive.

149. Defendants knew of the harassing conduct of each other towards Plaintiff and failed to take immediate and appropriate corrective action. Therefore, Defendants, and each of them, are responsible for each other's harassing conduct towards Plaintiff.

150. As a direct, foreseeable, and proximate result of Defendants' conduct as alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

151. As a direct, foreseeable, and proximate result of Defendants' wrongful acts and

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any provision of law providing for prejudgment interest.

152.    As a direct, foreseeable, and proximate result of Defendants' discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendants' discriminatory and wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

153.    As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

154.    Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendants' wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, the alleged wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent and Defendants had advance knowledge of the unfitness of its decision-maker and employed them with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified their conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages commensurate with Defendants' wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

155.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the Fair Employment and Housing Act.

**WHEREFORE**, Plaintiff prays judgment against Defendant CZI, Defendant Girish Patangay, and Does 1-50 as is more fully set forth hereinafter.

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

**TENTH CAUSE OF ACTION**

**Negligent Hiring, Supervision, or Retention (Against Defendants Chan Zuckerberg Initiative, LLC and DOES 1-50)**

156.    Plaintiff refers to and incorporates each paragraph above as though set forth in full in this cause of action.

157.    At all relevant times, Patangay occupied a managerial and/or supervisorial position with Defendants, had direct supervisory authority over Plaintiff, and/or exercised supervisory authority over Plaintiff within the scope of their employment and authority.

158.    Plaintiff was harmed by Patangay, and Defendants are responsible because they negligently hired, supervised, and/or retained Patangay, despite the multiple documented complaints reported to CZI by Plaintiff and other female employees about Patangay's repeated severe and pervasive wrongful, discriminatory, harassing, and retaliatory treatment of them.

159.    Patangay was unfit to perform the work they were hired to perform for Defendants because he unlawfully harassed Plaintiff and numerous other female employees at CZI and therefore has demonstrated his tendency to engage in unlawfully harassing activity.

160.    Defendants knew or should have known that Patangay was or became unfit to perform their job responsibilities and that this unfitness as a manager/supervisor created a particular risk of injury to others.

161.    Patangay's conduct as alleged herein harmed Plaintiff, and Defendants' negligence in hiring, supervising, and/or retaining Patangay was a substantial factor in causing Plaintiff's harm.

162.    As a direct, foreseeable, and proximate result of Defendants' conduct as alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

163.    As a direct, foreseeable, and proximate result of Defendants' wrongful acts and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any

provision of law providing for prejudgment interest.

164.    As a direct, foreseeable, and proximate result of Defendants' discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendants' discriminatory and wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

165.    As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays judgment against Defendant CZI and Does 1-50 as is more fully set forth hereinafter.

## ELEVENTH CAUSE OF ACTION

### Failure to Prevent Discriminatory Practices (Government Code § 12940 (k))

### (Against Defendant Chan Zuckerberg Initiative, LLC and Does 1-50)

166.    Plaintiff refers to and incorporates each paragraph above as though set forth in full in this cause of action.

167.    At all times mentioned, Government Code § 12940 (k) was in full force and effect and was binding on Defendants. This statute required Defendants to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring in the workplace.

168.    Plaintiff was subjected to discrimination, harassment, and retaliation due to Plaintiff's sex and disability. Defendants failed to take reasonable steps to prevent the discrimination, harassment, and retaliation Plaintiff was subjected to despite Defendants' full awareness thereof in violation of Government Code § 12900, *et seq*.

169.    As a direct, foreseeable, and proximate result of Defendants' conduct as alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount

of which is not yet known, which amount will be proven at trial.

170.    As a direct, foreseeable, and proximate result of Defendants' wrongful acts and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any provision of law providing for prejudgment interest.

171.    As a direct, foreseeable, and proximate result of Defendants' discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendants' discriminatory and wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

172.    As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

173.    Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendants' wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, the alleged wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent and Defendants had advance knowledge of the unfitness of its decision-maker and employed them with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified their conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages commensurate with Defendants' wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

174.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the Fair Employment and Housing Act.

**WHEREFORE**, Plaintiff prays judgment against Defendant CZI and Does 1-50 as is more

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

fully set forth hereinafter.

### TWELFTH CAUSE OF ACTION

### Fair Employment & Housing Act Retaliation (Government Code § 12940 (h))

### (Against Defendant Chan Zuckerberg Initiative, LLC and Does 1-50)

175.    Plaintiff incorporates by reference all prior paragraphs of the allegations as though fully set forth herein.

176.    California Government Code § 12940 (h) makes it unlawful for an employer to discharge, expel, or otherwise discriminate against any person, including adversely affecting working conditions, because the person has opposed any practices forbidden under Fair Employment & Housing Act.

177.    As alleged, on one or more occasions during their employment, Plaintiff engaged in protected activities, including but not limited to the following:

178.    Requesting and/or requiring disability-related reasonable accommodations.

179.    Requesting and/or requiring an interactive process.

180.    Reporting, opposing, and/or objecting to suspected FEHA violations.

181.    Plaintiff is informed, believes, and alleges that their engaging in the above-protected activities, and some combination of those factors, were the motivating reasons and/or factors in Defendants' decisions to subject Plaintiff to the adverse employment actions.

182.    Defendants violated FEHA by retaliating against Plaintiff for attempting to exercise their protected rights, as set forth above.

183.    As a direct, foreseeable, and proximate result of Defendants' conduct as alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

184.    As a direct, foreseeable, and proximate result of Defendants' wrongful acts and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any

provision of law providing for prejudgment interest.

185. As a direct, foreseeable, and proximate result of Defendants' discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendants' discriminatory and wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

186. As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

187. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendants' wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, the alleged wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent and Defendants had advance knowledge of the unfitness of its decision-maker and employed them with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified their conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages commensurate with Defendants' wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

188. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the Fair Employment and Housing Act.

**WHEREFORE**, Plaintiff prays judgment against Defendant CZI and Does 1-50 as is more fully set forth hereinafter.

**THIRTEENTH CAUSE OF ACTION**

**Retaliation in Violation of Labor Code (Labor Code § 1102.5)**

**(Against Defendant Chan Zuckerberg Initiative, LLC and Does 1-50)**

189. Plaintiff refers to and incorporates each paragraph above as though set forth in full in

32

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

this cause of action.

190.    At all relevant times, Labor Code § 1102.5(a) was in full force and effect and was binding on Defendants. This law prohibits an employer, or any person acting on behalf of the employers, from discharging an employee or in any manner discriminating or retaliating against, or taking any adverse action against, an employee because, among other things, the employee disclosed information to a government or law enforcement agency, or to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties. Pursuant to Labor Code § 1102.5(f), in addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section.

191.    As alleged herein, on one or more occasions during their employment, Plaintiff engaged in protected activities, including but not limited to the following:

(a)    Reporting, opposing, and/or objecting to suspected FEHA violations.

(b)    Reporting, opposing, and/or objecting to suspected wage and hour violations.

(c)    Reporting, opposing, and/or objecting to suspected to illegal workplace activity.

192.    In response, Defendants subjected Plaintiff to adverse employment actions, including, without limitation, Defendants withdrew a previously promised promotion, removed significant job responsibilities and programs Plaintiff had developed, excluded Plaintiff from leadership communications and meetings, and reassigned portions of her work to others. After Plaintiff formally reported discrimination and harassment by Patangay to CZI's senior leadership and requested that CZI's conduct an independent investigation, CZI initiated a retaliatory investigation into Plaintiff herself – instead of investigating Plaintiff's claims against Patangay. Plaintiff was further advised by CZI that raising complaints could negatively affect her professional reputation and performance evaluations – which it did. During this same period, as discussed in detail above, Plaintiff was compensated substantially less than male subordinates who reported to

her despite holding a higher-level leadership position with broader managerial responsibilities and superior performance metrics.

193. Plaintiff's reporting of these violations was a motivating and contributing factor for the adverse employment actions by Defendants against Plaintiff. This conduct violates Labor Code §§ 1102.5 and1102.6, and such violations were a proximate cause in Plaintiff's damages as hereinabove stated.

194. Plaintiff is entitled to a civil penalty not to exceed $10,000.00 for Defendants' violations of Labor Code § 1102.5.

195. As a direct, foreseeable, and proximate result of Defendants' conduct as alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

196. As a direct, foreseeable, and proximate result of Defendants' wrongful acts and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any provision of law providing for prejudgment interest.

197. As a direct, foreseeable, and proximate result of Defendants' discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendants' discriminatory and wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

198. As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

199. Defendants committed the acts alleged herein maliciously, fraudulently, and

34

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendants' wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, the alleged wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent and Defendants had advance knowledge of the unfitness of its decision-maker and employed them with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified their conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages commensurate with Defendants' wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

200. Plaintiff is entitled to recover prevailing party attorney's fees pursuant to Labor Code § 1102.5 (j).

WHEREFORE, Plaintiff prays judgment against Defendant CZI and Does 1-50 as is more fully set forth hereinafter.

201. Plaintiff requests relief as hereinafter described.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each defendant, as is fully set forth below:

(a) That Defendants and Does 1-50 are found to have violated California Government Code § 12940 *et seq.*;

(b) That Defendants and Does 1-50 are found to have violated the California Labor Code and the applicable IWC Wage Order(s);

(c) That Defendants and Does 1-50 are found to have violated California Business and Professions Code § 17200, *et seq.*;

(d) That Defendants and Does 1-50's violations as described above are found to be willful;

(e) For general damages in a sum according to proof;

(f) For special damages in a sum according to proof;

(g) For compensatory damages;

(h) For statutory penalties;

(i) For injunctive relief and restitution pursuant to California Business and

35

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

Professions Code § 17200, *et seq.*;

(j)    For treble damages pursuant to California Civil Code § 3345;

(k)    For costs of suit herein incurred;

(l)    For pre and post-judgment interest;

(m)    For punitive and exemplary damages;

(n)    An award of reasonable attorneys' fees and costs in accordance with California law, including but not limited to the California Government Code, Labor Code, and/or Code of Civil Proc. § 1021.5;

(o)    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**WHEREFORE** Plaintiff and the Collective pray for relief as follows:

(a)    Certification this action as a Collective action under the EPA on behalf of Plaintiff and the Collective; designation of Plaintiff as the representative of the Collective; prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective, which (1) apprises them of the pendency of this action and (2) permits them to assert timely EPA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and tolling of the statute of limitations on the claims of all members of the Collective from the date the original Complaint was filed until the Collective members are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in as a Collective Action Plaintiff;

(b)    For an order certifying this action as a Class Action;

(c)    Designation of Plaintiff as the class representative of the Class Action;

(d)    Designation of Plaintiff as the representative of the PAGA Action;

(e)    A declaratory judgment that the practices complained of herein are unlawful;

(f)    A preliminary and permanent injunction against Defendants and their partners, officers, agents, successors, employees, representatives, and any and

36

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

all persons acting in concert with them, from engaging in policies, patterns, and/or practices that discriminate against Plaintiff and Collective members because of their gender;

(g)     An order that Defendants institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees regardless of gender, and that it eradicates the effects of their past and present unlawful employment practices;

(h)     An order requiring Defendants to develop and institute accurate and validated standards for evaluating performance, determining pay, and making promotion decisions;

(i)     An order appointing a monitor to ensure that Defendants comply with the injunction provisions of any decree that the Court orders;

(j)     An order retaining jurisdiction over this action to ensure that Defendants comply with such a decree;

(k)     An order restoring Plaintiff and Collective members to their rightful positions at Defendants (i.e., reinstatement), or in lieu of reinstatements, an order for front pay benefits;

(l)     Back pay (including interest and benefits);

(m)     Liquidated damages;

(n)     Exemplary and punitive damages in an amount commensurate with Defendants' ability to pay and to deter future conduct;

(o)     All statutory and civil penalties recoverable under PAGA and the California Labor Code;

(p)     Restitution of all monies due to Plaintiff and Class Members, as well as disgorgement of Defendants' profits from their unlawful and/or unfair business practices;

(q)     Costs and expenses incurred herein, including reasonable attorneys' fees to the extent allowable by law;

37

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

(r)    Service award for Plaintiff in recognition of the time and risk incurred in asserting these claims on behalf of the Class, aggrieved employees and Collective, and the value she has created by doing so;

(s)    For declaratory relief;

(t)    For damages, and punitive damages on claims for which punitive damages are available;

(u)    Pre-judgment and post-judgment interest, as provided by law; and

(v)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff on behalf of herself and all others similarly situated, hereby demand a jury trial with respect to all issues triable of right by jury.

Respectfully submitted,

Dated: March 12, 2026

**WILSHIRE LAW FIRM**

By: _____
John G. Yslas
Eugene Zinovyev
Emily Borman
John Brown
Gabriella Solé

Attorneys for Plaintiff, the Proposed Class, and Collective

CLASS, COLLECTIVE ACTION AND PAGA COMPLAINT

# EXHIBIT "A"

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

July 18, 2025

Erik Christensen
Gold Summit Legal, Inc., 548 Market St., Ste. 41750
San Francisco, CA 94104

RE:     **Notice to Complainant's Attorney**
        CRD Matter Number: 202507-30356518
        Right to Sue: Siteman / Chan Zuckerberg Initiative et al.

Dear Erik Christensen:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

July 18, 2025

RE:  **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202507-30356518
Right to Sue: Siteman / Chan Zuckerberg Initiative et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)

STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

July 18, 2025

Stephanie Siteman

,

RE:   **Notice of Case Closure and Right to Sue**
      CRD Matter Number: 202507-30356518
      Right to Sue: Siteman / Chan Zuckerberg Initiative et al.

Dear Stephanie Siteman:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective July 18, 2025 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 2025/02)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
Civil Rights Department
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Stephanie Siteman                                    CRD No. 202507-30356518

                              Complainant,

vs.

Chan Zuckerberg Initiative
2075 Broadway
Redwood City, CA 94063

Girish Patangay

,

                              Respondents

_____

**1.** Respondent **Chan Zuckerberg Initiative** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**.Complainant is naming **Girish Patangay** individual as Co-Respondent(s).

**3**. Complainant **Stephanie Siteman**, resides in the City of **,** State of **.**

**4**. Complainant alleges that on or about **July 18, 2025**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, sexual harassment.

**Complainant was discriminated against** because of complainant's sex/gender and as a result of the discrimination was denied hire or promotion, reprimanded, denied equal pay, other, denied work opportunities or assignments, given additional work responsibilities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint and as a result was

Date Filed: July 18, 2025

CRD-ENF 80 RS (Revised 2025/02)

denied hire or promotion, reprimanded, denied equal pay, other, denied work opportunities or assignments.

**Additional Complaint Details:** Despite her exceptional performance and expanded responsibilities, Mrs. Stephanie Siteman has been subjected to systematic gender and disability-based discrimination, harassment, and retaliation by her supervisor, Girish Patangay, Vice President of Central Technology. This manifests in several egregious ways. First, in gender-based pay disparity: Mrs. Siteman is paid significantly less than several of her male direct reports, despite having greater responsibilities, more seniority, and a stronger performance record. The gap between her salary and these male direct reports is between $28,965.23 and $51,965.23 per year, not counting bonuses, stock options, and benefits. For example:

Kris Howitt (reports to Ms. Siteman): $285,000
Chuck Jones (reports to Ms. Siteman): $262,000
Mrs. Siteman (their manager): $233,034.77

Second, in denials of promotions that her supervisor had promised:  In April 2024, Mr. Patangay verbally promised Mrs. Siteman a promotion and so she took on substantially expanded responsibilities, effectively doubling her scope to include oversight of Information Security. Despite exceeding expectations and leading high-impact work, she was never promoted or given an appropriate salary adjustment. In February 2025, shortly after a medical emergency during work travel, she was informed that the promotion would not move forward.

Third, Mr. Patangay subjected Mrs. Siteman to sexist remarks, including frequently talking down to her, subjecting her to hostility and gaslighting, and excluding her from social and professional events. She was consistently left out of important decisions and had scope removed without justification.

Fourth, in February 2025, Mrs. Siteman became seriously ill during a CZI headquarters work trip. She required two emergency room visits and incurred over $71,000 in medical expenses (including $1,700 out of pocket). Despite repeatedly requesting assistance from both Mr. Patangay and HR, she received no support, no accommodations, and no logistical help. She ultimately had to fly home alone while still unwell and required wheelchair assistance. Shortly after this medical emergency, Mrs. Siteman was informed that the previously discussed promotion would not be moving forward, and her responsibilities were reduced or reassigned without explanation—often to less qualified male peers. The timing and nature of these actions clearly constitute retaliation linked to both her medical status and her prior advocacy for equal treatment.

Fifth, CZI failed to engage in the interactive accommodation process required under the ADA and California's Fair Employment and Housing Act ("FEHA"), and instead punished Mrs. Siteman for having a medical condition.

-2-
*Complaint – CRD No. 202507-30356518*

Date Filed: July 18, 2025

CRD-ENF 80 RS (Revised 2025/02)

Sixth, Ms. Siteman has requested access to her personnel files and employment records from CZI, as is her right under California Labor Code sections 226, 247.5, 432, and 1198.5. CZI has failed to provide these records, in violation of California law. This failure to provide records appears to be part of a broader pattern of retaliation and an attempt to conceal evidence of the discriminatory and harassing treatment described herein.

Seventh, and compounding these issues, when Mrs. Siteman requested a formal investigation into the treatment she and others experienced, she was assigned to the same HR partner (Marisela Figueroa) who had previously handled a settled gender discrimination case involving Mr. Patangay in 2024. Mrs. Siteman and several colleagues had raised concerns about Mr. Patangay's conduct, particularly toward women. Assigning the same HR representative to investigate a related pattern raised serious concerns about impartiality and created the appearance of a conflict of interest.

Eighth, the discrimination against Mrs. Siteman is not an isolated incident. Multiple female employees have raised similar concerns about Mr. Patangay's discriminatory conduct:  (a) Jennifer Erickson filed a gender discrimination complaint in 2024 that settled; (b)  Aysen Baser, another female director, has been raising similar concerns for three years; (c) Larissa Milano requested removal from Mr. Patangay's reporting line due to lack of fairness and support; and (d) multiple witnesses can corroborate the ongoing pattern of discriminatory behavior.

Mrs. Siteman has suffered tremendous emotional distress from the foregoing and she is now out on medical leave on this basis.  Unfortunately, Mrs. Siteman anticipates further discrimination, harassment, and retaliation (including failure to accommodate and failure to engage her in the timely, good-faith interactive process) for taking this leave and for having complained about Mr. Patangay.

-3-
*Complaint – CRD No. 202507-30356518*

Date Filed: July 18, 2025

CRD-ENF 80 RS (Revised 2025/02)

VERIFICATION

I, **Erik J. Christensen**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On July 18, 2025, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Reno, NV**

-4-
*Complaint – CRD No. 202507-30356518*

Date Filed: July 18, 2025

CRD-ENF 80 RS (Revised 2025/02)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 187324/267245 | FOR COURT USE ONLY |
|---|---|---|

NAME: John G. Yslas; Eugene Zinovyev; Emily Borman (SBN 303180); Gabriella Solé (SBN 346164)
FIRM NAME: **Wilshire Law Firm**
STREET ADDRESS: 660 S. Figueroa Street, Sky Lobby
CITY: Los Angeles   STATE: CA   ZIP CODE: 90017
TELEPHONE NO.: (213) 381-9988   FAX NO.: (213) 381-9989
EMAIL ADDRESS: Eugene.zinovyev@wilshirelawfirm.com
ATTORNEY FOR (name): Plaintiff, Stephanie Siteman

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**03/12/2026**
**Clerk of the Court**
BY: MARIVIC VIRAY
**Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, 94102-4515
BRANCH NAME: Civic Center Courthouse

**CGC-26-634840**

CASE NAME: Stephanie Siteman, individually, and on behalf of all others similarly situated, vs Chan Zuckerberg Initiative, LLC, a Limited Liability Company; Girish Patangay, an individual

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $35,000) [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter  [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Asbestos**
[ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/Unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Employment Development Department (EDD)**
[ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Comprehensive groundwater adjudication (47)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (*not specified above*) (43)

Judicial Council of California, courts.ca.gov
Rev. January 1, 2026, Mandatory Form
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Stds. Jud. Admin., std. 3.10

**Civil Case Cover Sheet**

CM-010, Page 1 of 3
Westlaw Doc & Form Builder™ →

CM-010

2. Is this case complex under rule 3.400 of the California Rules of Court?    ☐ Yes    ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

  a. ☐ Large number of separately represented parties

  b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

  c. ☐ Substantial amount of documentary evidence

  d. ☐ Large number of witnesses

  e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

  f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

  a. ☒ monetary

  b. ☒ nonmonetary; declaratory or injunctive relief

  c. ☒ punitive

4. Number of causes of action *(specify):* 13

5. Is this case a class action suit?    ☒ Yes    ☐ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 12, 2026

Eugene Zinovyev
_____
(TYPE OR PRINT NAME)

▶
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

---

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

---

Rev. January 1, 2026                    **Civil Case Cover Sheet**                    CM-010, Page 2 of 3

CM-010

## CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)–Personal Injury/Property Damage/
        Wrongful Death
    Uninsured Motorist (46) *(if the case involves
        an uninsured motorist claim subject to
        arbitration, check this item instead of Auto)*

**Asbestos**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
    Product Liability *(not asbestos or toxic/
        environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice–Physicians &
            Surgeons
        Other Professional Health Care
            Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip and fall)
        Intentional Bodily Injury/PD/WD (e.g.,
            assault, vandalism)
        Intentional Infliction of Emotional Distress
        Negligent Infliction of Emotional Distress
        Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business Practice (07)
    Civil Rights (e.g., discrimination, false arrest)
        *(not civil harassment)* (08)
    Defamation (e.g., slander, libel) (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice *(not
            medical or legal)*
    Other Non-PI/PD/WD Tort (35)

**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease Contract *(not
            unlawful detainer or wrongful eviction)*
        Contract/Warranty Breach–Seller Plaintiff
            *(not fraud or negligence)*
        Negligent Breach of Contract/Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open book
        accounts) (09)
        Collections Case–Seller Plaintiff
        Other Promissory Note/Collections Case
    Insurance Coverage *(not provisionally
        complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute

**Real Property**
    Eminent Domain/Inverse Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent
            domain, landlord-tenant, or
            foreclosure)*

**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal drugs,
        check this item; otherwise, report as
        Commercial or Residential)*

**Judicial Review**
    Asset Forfeiture (05)
    Petition re Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court Case
            Matter
        Writ–Other Limited Court Case Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor Commissioner
            Appeals

**Employment Development Department (EDD)**
    EDD Decision Review (48) *(if the case
        involves an Employment Development
        Department decision, check this item
        instead of Wrongful Termination or Other
        Employment)*

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court, rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Comprehensive Groundwater Adjudication
        (47)
    Insurance Coverage Claims *(arising from
        provisionally complex case type listed
        above)* (41)

**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of County)
        Confession of Judgment *(non-domestic
            relations)*
        Sister-State Judgment
        Administrative Agency Award *(not unpaid
            taxes)*
        Petition/Certification of Entry of Judgment
            on Unpaid Taxes
        Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified above)* (42)
        Declaratory Relief Only Injunctive Relief
            Only *(non-harassment)*
        Mechanic's Lien
        Other Commercial Complaint Case *(non-
            tort/non-complex)*
        Other Civil Complaint *(non-tort/non-
            complex)*

**Miscellaneous Civil Petition**
    Partnership and Corporate Governance (21)
    Other Petition *(not specified above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late Claim
        Other Civil Petition

Rev. January 1, 2026         **Civil Case Cover Sheet**        **CM-010**, Page 3 of 3

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **AUG 19, 2026**

**TIME:** **10:30 am**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order   **without an appearance**   at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.   **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at https://sf.courts.ca.gov under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

### ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**adrcoordinator@sftc.org**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

 **Superior Court of California, County of San Francisco
Information Sheet
Voluntary Expedited Jury Trial Summary**

The San Francisco Superior Court encourages the use of Voluntary Expedited Jury Trials ("EJTs") in appropriate cases.  EJTs provide an excellent opportunity to resolve your client's case in an expeditious and inexpensive way.  Voluntary EJTs are authorized by statute.  CCP §§ 630.01.

EJTs can resolve your entire case **or** a single important case critical issue that, once adjudicated, can promote resolution of the entire case (for example: course and scope of employment, causation of an injury, whether a contract was formed, etc.)  EJTs promote equal access to civil justice as they are less expensive, consume fewer courtroom days, provide flexibility throughout, encourage high/low agreements to limit risk, and feature streamlined pre-trial procedures.

These are highlights of an EJT (C.C.P. §§ 630.01 et seq. and Rules of Court 3.1549 - 3.1553):

- Parties encouraged to submit a joint jury questionnaire;

- 8 jurors (6 must agree);

- 3 peremptory challenges per side;

- 5-hour time limit per side <u>unless agreed otherwise and approved;</u>

- One to two court days completion <u>unless agreed otherwise and approved;</u>

- Option to present evidence by stipulation and objection;

- High/low arrangement option;

- Limited appeal (misconduct by judge or jury substantially affecting parties' rights or corruption, or bad faith.)

If the parties agree to the Voluntary EJT, they should file and serve the completed and signed (Proposed) Consent Order for Voluntary Expedited Jury Trial, Judicial Council Form EJT-020.