ELIZABETH A. BROWN (SB# 235429)
TERESA W. GHALI (SB# 252961)
JEN CORNELL (SB# 320529)
RYAN C. KING (SB# 351149)
GBG LLP
lisabrown@gbgllp.com
teresaghali@gbgllp.com
jencornell@gbgllp.com
ryanking@gbgllp.com
601 Montgomery Street, Suite 840
San Francisco, CA  94111
Telephone:  (415) 603-5000
Facsimile:  (415) 840-7210

Attorneys for Defendants
CHAN ZUCKERBERG INITIATIVE, LLC
and GIRISH PATANGAY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE SITEMAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHAN ZUCKERBERG INITIATIVE, LLC, a Limited Liability Company; GIRISH PATANGAY, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:26-cv-02362-JD<br><br>**DEFENDANT CHAN ZUCKERBERG INITIATIVE, LLC'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION, STRIKE CLASS ALLEGATIONS, AND STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  May 14, 2026<br>Time:  11:00 a.m.<br>Judge:  Hon. James Donato<br>Courtroom:  11, 19th Floor |

**Table of Contents**

                                                                                                    **Page**

**NOTICE OF MOTION AND MOTION TO  COMPEL ARBITRATION** ........................... 1

**MEMORANDUM OF POINTS AND AUTHORITIES** ........................................................ 2

I.      INTRODUCTION ............................................................................................................ 2

II.     STATEMENT OF FACTS AND PROCEDURAL BACKGROUND ............................ 2

        A.      Before Beginning Her Employment at CZI, Plaintiff Was Required to
                Agree to Arbitration. ........................................................................................... 2

        B.      Plaintiff Files this Putative Class, Collective, and Representative Action,
                Despite the Agreement to Arbitrate. .................................................................. 3

III.    LEGAL ARGUMENT ..................................................................................................... 4

        A.      The FAA and Supreme Court Authority Require Enforcement of the
                Arbitration Agreement. ....................................................................................... 4

        B.      Plaintiff Agreed to Arbitrate Her Claims. .......................................................... 5

        C.      The Arbitration Agreement Is Valid and Enforceable. ....................................... 6

                1.       The EFAA Does Not Apply. .................................................................... 7

                2.       The Arbitration Agreement Is Not Unconscionable. ............................. 12

                         a.       The Arbitration Agreement Is Not Procedurally
                                  Unconscionable. ........................................................................ 12

                         b.       The Arbitration Agreement Is Not Substantively
                                  Unconscionable. ........................................................................ 13

        D.      Plaintiff's Claims Must Proceed on an Individual Basis in Arbitration. .............. 14

        E.      Plaintiff's Representative PAGA Claim Should be Stayed Pending
                Arbitration of her Individual PAGA Claim. ........................................................ 15

IV.     CONCLUSION ............................................................................................................. 16

# Table of Authorities

**Page(s)**

**Cases**

*24 Hour Fitness, Inc. v. Super. Ct.*,
66 Cal. App. 4th 1199 (1998) ...................................................................................................... 13

*Adolph v. Uber Techs. Inc.*,
14 Cal. 5th 1104 (2023) ......................................................................................................... 2, 15

*Alexander v. Cmty. Hosp. of Long Beach*,
46 Cal. App. 5th 238 (2020) ...................................................................................................... 10

*Armendariz v. Foundation Health Psychcare Svcs., Inc.*,
24 Cal. 4th 83 (2000) .......................................................................................................... 12, 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...................................................................................................................... 7

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011) ................................................................................................... 2, 5, 14, 15

*BHS L. LLP v. BMO Bank N.A.*,
No. 25-cv-10368-NC, 2026 WL 381814 (N.D. Cal. Feb. 11, 2026) ..................................... 4, 14

*Bradley v. Harris Research, Inc.*,
275 F.3d 884 (9th Cir. 2001) ....................................................................................................... 12

*Campbell v. Arco Marine, Inc.*,
42 Cal. App. 4th 1850 (1996) ....................................................................................................... 7

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
207 F.3d 1126 (9th Cir. 2000) ...................................................................................................... 6

*Circuit City Stores, Inc. v. Adams*,
532 U.S. 105 (2001) ...................................................................................................................... 4

*Conway v. City of Palm Desert*,
No. 5:21-cv-01144-SPG-SP, 2022 WL 19237935 (C.D. Cal. Sept. 6, 2022) .............................. 9

*Dean Witter Reynolds, Inc. v. Byrd*,
470 U.S. 213 (1985) ...................................................................................................................... 5

*Dominguez-Curry v. Nevada Transp. Dep't*,
424 F.3d 1027 (9th Cir. 2005) .................................................................................................... 11

*Espejo v. So. Cal. Permanente Med. Grp.*,
246 Cal. App. 4th 1047 (2016) ..................................................................................................... 6

*Feast-Williams v. Merrill Lynch Fenner Pierce & Smith Inc.*,
No. CV 18-06451 SJO (SSx), 2018 WL 9517023 (C.D. Cal. Dec. 18, 2018) ............................ 10

**Table of Authorities**

(continued)

**Page(s)**

**Cases**

*Fisher v. San Pedro Peninsula Hosp.*,
214 Cal. App. 3d 590 (1989)..................................................................................................... 8

*Gilmer v. Interstate/Johnson Lane Corp.*,
500 U.S. 20 (1991) ................................................................................................................... 12

*Johannessen v. JUUL Labs, Inc.*,
No. 3:23-cv-03681-JD, 2024 WL 3173286 (N.D. Cal. June 24, 2024 ..................................... 8, 9

*Johnmohammadi v. Bloomingdale's, Inc.*,
755 F.3d 1072 (9th Cir. 2014)................................................................................................... 15

*Kinney v. United HealthCare Servs., Inc.*,
70 Cal. App. 4th 1322 (1999) ................................................................................................... 13

*Lagatree v. Luce, Forward, Hamilton & Scripps*,
74 Cal. App. 4th 1105 (1999) ................................................................................................... 12

*Lambert v. New Start Cap. LLC*,
799 F. Supp. 3d 258 (S.D.N.Y. 2025)....................................................................................... 11

*Lucas v. Hertz Corp.*,
875 F. Supp. 2d 991 (N.D. Cal. 2012) ...................................................................................... 13

*Lyle v. Warner Bros. Television Prods.*,
38 Cal. 4th 264 (2006) ......................................................................................................... 10, 11

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
473 U.S. 614 (1985).................................................................................................................... 5

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983)........................................................................................................................ 5

*Moss v. Bank of New York Tr. Co.*,
No. C 10-1734 VRW, 2010 WL 11575042 (N.D. Cal. June 30, 2010)....................................... 4

*Peterson v. U.S. Bancorp Equip. Finance, Inc.*,
No. C 10-0942 SBA, 2010 WL 2794359 (N.D. Cal. July 15, 2010) .................................... 10, 11

*Pinnacle Museum Tower Assn. v. Pinnacle Market Dev. (US), LLC*,
55 Cal. 4th 223 (2012) .............................................................................................................. 12

*Ramirez v. Charter Commc'ns, Inc.*,
16 Cal. 5th 478 (2024) .............................................................................................................. 14

**Table of Authorities**

(continued)

**Page(s)**

**Cases**

*Roman v. Super. Ct.,*
172 Cal. App. 4th 1462 (2009) .............................................................................. 12

*Roman v. Superior Ct.,*
172 Cal. App. 4th 1462 (2009) .............................................................................. 14

*Ruiz v. Conduent Comm. Solutions, LLC,*
No. 1:21-CV-1555 JLT CBD, 2023 WL 3379300 (E.D. Cal. May 11, 2023)............................ 14

*Sanchez v. Carmax Auto Superstores California, LLC,*
224 Cal. App. 4th 398 (2014) ................................................................................ 12

*Serafin v. Balco Properties Ltd., LLC,*
235 Cal. App. 4th 165 (2015) ................................................................................ 12

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,*
559 U.S. 662 (2010).............................................................................................. 5

*Sullivan v. Oracle Corp.,*
51 Cal. 4th 1191 (2011) ....................................................................................... 16

*Szetela v. Discover Bank,*
97 Cal. App. 4th 1094 (2002) ................................................................................. 6

*Tandon v. GN Audio USA, Inc.,*
No. 5:19-cv-00212-EJD, 2021 WL 242916 (N.D. Cal. Jan. 25, 2021) ..................................... 8

*Van De Hey v. EPAM Sys. Inc.,*
No. 24-cv-08800-RFL, 2025 WL 829604 (N.D. Cal. Feb. 28, 2025) ................................. 4, 7, 8

*Viking River Cruises, Inc. v. Moriana,*
596 U.S. 639 (2022)......................................................................................... 2, 15

*Wagner v. Stratton Oakmont, Inc.,*
83 F.3d 1046 (9th Cir. 1996)................................................................................... 15

**Statutes**

9 U.S.C. § 1 ......................................................................................................... 5

9 U.S.C. § 2 ...................................................................................................... 4, 5

9 U.S.C. § 3 .................................................................................................... 5, 15

9 U.S.C. § 4......................................................................................................... 5

**Table of Authorities**

(continued)

**Page(s)**

**Statutes**

9 U.S.C. §402(a) ................................................................................................................. 7

**Other Authorities**

168 Cong. Rec. S625 (2022) ............................................................................................. 11

**Rules**

Fed. R. Civ. P. Rule 81(c) .................................................................................................. 4

JAMS Employment Arbitration Rules & Procedures, Rule 17 ....................................... 14

JAMS Employment Arbitration Rules & Procedures, Rule 24(c) ................................... 14

JAMS Employment Arbitration Rules & Procedures, Rule 24(h) ................................... 14

JAMS Employment Arbitration Rules & Procedures, Rule 31(c) ................................... 14

JAMS Employment Arbitration Rules & Procedures, Rule 7(c) ..................................... 14

**NOTICE OF MOTION AND MOTION TO  COMPEL ARBITRATION**

TO PLAINTIFF STEPHANIE SITEMAN AND TO HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 14, 2026, at 11:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 11 of this Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California, before the Hon. James Donato, Defendant Chan Zuckerberg Initiative, LLC ("CZI" or "Defendant") moves this Court for an order compelling individual arbitration, striking class allegations, and staying the proceedings of Plaintiff Stephanie Siteman's ("Plaintiff") Complaint.  Defendant will, and hereby does, also move this Court for an Order staying all further proceedings until such time this Motion to Compel Arbitration is decided, and if arbitration is ordered, until the arbitration is completed.  Defendant's Motion to Compel Arbitration is based on the grounds that the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, requires the Court to compel arbitration, strike class and collective allegations, and issue a stay where, as here, the parties have entered into a valid and enforceable arbitration agreement.

This Motion is based on this Notice of Motion and Motion to Compel Arbitration, Strike Class Allegations, and Stay Proceedings; the Supporting Memorandum of Points and Authorities; the Declarations of Teresa W. Ghali and Alexis Backs in Support of Defendant's Motion to Compel Arbitration, Strike Class Allegations, and Stay Proceedings; all other papers and pleadings on file in this matter; and any oral and documentary evidence as may be presented prior to, or at the time of, the hearing on this matter.

DATED:  April 3, 2026                                  GBG LLP


BY:            /s/ Jen Cornell
                         JEN CORNELL

Attorneys for Defendant
CHAN ZUCKERBERG INITIATIVE, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

It is beyond dispute that when a party signs an arbitration agreement, courts must "rigorously enforce" that agreement, according to its terms. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346 (2011).  Plaintiff Stephanie Siteman signed just such an agreement with her current employer, Defendant Chan Zuckerberg Initiative, LLC ("CZI").  That agreement requires her to arbitrate all claims related to her employment on an individual basis.  Despite having signed an agreement to arbitrate, Plaintiff (a resident of North Carolina) brought this action in California state court, alleging a range of claims under California and federal law on behalf of herself and a putative class of employees.  CZI properly removed and now asks this Court to rigorously enforce the parties' agreement to arbitrate.  Not only should Plaintiff's individual claims be sent to arbitration, but Plaintiff's class and collective claims cannot proceed in light of the valid class and collective action waiver in that agreement.  These class and collective claims should be dismissed, and the class and collective allegations should be stricken.  And, while the arbitrator will surely find that Plaintiff lacks standing to bring a representative claim under the Private Attorneys General Act ("PAGA"), as she has alleged no work performed in the State of California, the representative portion of her PAGA claim should be stayed pending the outcome of her individual arbitration, in accordance with the Supreme Court's ruling in *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022), and *Adolph v. Uber Techs. Inc.*, 14 Cal. 5th 1104, 1119 (2023).

## II.   STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

### A.   Before Beginning Her Employment at CZI, Plaintiff Agreed to Arbitrate.

CZI is a philanthropic organization that aims to solve some of society's toughest challenges – from curing or preventing disease to improving education and addressing the needs of our local communities.  Declaration of Alexis Backs ("Backs Decl."), ¶ 2.  Plaintiff is a current employee of CZI, who began her employment on approximately February 11, 2019 as a Vendor Security Program Manager.  Compl. ¶ 19.

As a condition of her employment with CZI, Plaintiff was required to execute an "Agreement for Arbitration of Disputes" ("Arbitration Agreement"). Backs Decl., ¶¶ 7, 8, Exs. A and B. The Arbitration Agreement was attached as a standalone document to Plaintiff's offer letter and transmitted to her via DocuSign on December 19, 2018. *Id*. The Arbitration Agreement provides, in part, that Plaintiff and CZI "agree that any dispute between [her] and [CZI] . . . that has arisen, or may arise in the future, from or in connection with [her] employment with the [CZI] (or any of its affiliates) must be submitted for resolution to mandatory, binding arbitration." Backs Decl., Ex. B.

The Arbitration Agreement further provides that:

> . . . any arbitration under [the] Agreement must and will resolve individual claims only," and that "by entering into [the] Agreement, [Plaintiff] and [CZI] each are waiving the right to initiate or participate in a class action, collective action, or representative action for all employment-related disputes. As such, neither party may initiate, prosecute or pursue a proposed class, collective or representative action against the other or participate in a class, collective or representative action (e.g., as a class member or an aggrieved employee).

Backs Decl., Ex. B. The Arbitration Agreement then reiterates this information in all caps:

> THROUGH THIS AGREEMENT, YOU ARE GIVING UP YOUR RIGHT TO A JURY TRIAL AND YOUR RIGHT TO COMMENCE OR PARTICIPATE IN A CLASS ACTION OR OTHER FORM OF REPRESENTATIVE ACTION AGAINST THE COMPANY; YOU INSTEAD AGREE TO ARBITRATE ANY EMPLOYMENT-RELATED DISPUTE ON AN INDIVIDUAL BASIS ONLY.

*Id.*

Plaintiff electronically signed the Arbitration Agreement on December 26, 2018 and subsequently began her employment with CZI. Backs Decl., ¶ 8.

**B.    Plaintiff Filed this Putative Class, Collective, and Representative Action, Despite the Agreement to Arbitrate.**

On March 12, 2026, in contravention of her agreement to arbitrate her claims on an "individual basis only," Plaintiff filed a proposed class and collective action, as well as a representative PAGA action, alleging the following claims: (1) the Equal Pay Act, 29 USC §§ 206 *et seq* (class); (2) the California EPA, Cal. Labor Code §§ 1197.5, *et seq* (class); (3) the California Private Attorney General Act (PAGA), Cal. Lab. Code §§ 2698-2699; (4) the California Business and Professions Code § 17200; (5) disability discrimination; (6) failure to

accommodate; (7) failure to engage in the interactive process; (8) gender discrimination; (9) harassment – hostile work environment; (10) negligent hiring, supervision, or retention; (11) failure to prevent discriminatory practices; (12) retaliation under the Fair Employment and Housing Act; and (13) retaliation under Cal. Lab. Code §1102.5.[1]

On March 26, 2026, Defendant's counsel sent a letter to Plaintiff's counsel, reminding her counsel of the valid and enforceable Arbitration Agreement and requesting that Plaintiff stipulate to arbitrate her individual claims.  Declaration of Teresa W. Ghali ("Ghali Decl."), ¶ 3, Ex. 1.  To date, Plaintiff's counsel has not substantively responded.  *Id.* at ¶ 3.

## III.    LEGAL ARGUMENT

### A.    The FAA and Supreme Court Authority Require Enforcement of the Arbitration Agreement.

"Where the arbitration agreement expressly adopts the FAA as the governing law, that is the law that governs the parties' arbitration agreement."  *Van De Hey v. EPAM Sys. Inc.*, No. 24-cv-08800-RFL, 2025 WL 829604, at *3 (N.D. Cal. Feb. 28, 2025) (citations omitted) (where arbitration agreement explicitly adopts the FAA, court need not reach interstate commerce nexus issue); Backs Decl., Ex. B  (noting that the FAA "shall govern the interpretation and enforcement of this Agreement.").  Further, CZI is engaged in interstate commerce, as an entity that has employees located throughout the United States – including Plaintiff, who works remotely from her home in North Carolina.  And as a philanthropic organization, CZI supports technology-driven initiatives across the United States, and internationally, particularly in science and education.  Backs Decl. ¶ 2.  Thus, there is no question that the FAA applies here.  *BHS L. LLP v. BMO Bank N.A.*, No. 25-cv-10368-NC, 2026 WL 381814, at *5 (N.D. Cal. Feb. 11, 2026) (citing *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001); 9 U.S.C. § 2) (noting that "the FAA

---

[1] Defendant removed the action to federal court on March 18, 2026.  To date, neither Defendant has been served, despite offering to waive service.  Ghali Decl. ¶ 2, Ex. 1.  Because neither Defendant has been served, there is currently no deadline for responsive pleadings in this case.  *See, e.g.*, *Moss v. Bank of New York Tr. Co.*, No. C 10-1734 VRW, 2010 WL 11575042, at *2 (N.D. Cal. June 30, 2010) (after removal, defendant would not be subject to the responsive pleading deadline under Federal Rule of Civil Procedure 81(c) "until it was properly served, or was deemed to have waived service").

applies to any contract affecting interstate commerce").

The FAA establishes the validity and enforceability of written agreements to arbitrate disputes.  9 U.S.C. § 1 *et seq.*  Section 2 of the FAA provides that any written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Where, as here, an action is based on a dispute covered by a valid written agreement, a court must compel arbitration.  9 U.S.C. §§ 3, 4.  The FAA sets forth a "liberal federal policy favoring arbitration" and reinforces "the 'fundamental principle that arbitration is a matter of contract.'"  *Concepcion*, 563 U.S. at 344, 339.  The primary purpose of the FAA is to "enforce private agreements into which parties [have] entered."  *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 625-26 (1985).  To that end, the FAA requires courts to "rigorously enforce agreements to arbitrate."  *Id*. at 626.  When parties agree to arbitrate disputes, the terms of their agreements are binding.  *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010) (courts must "give effect to the contractual rights and expectations of the parties" (internal quotations omitted)).

"The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *Concepcion*, 563 U.S. at 344, 351-52  ("The overarching purpose of the FAA, evident in the text of §§ 2, 3, and 4, is to **ensure the enforcement of arbitration agreements according to their terms** so as to facilitate streamlined proceedings . . . ." (emphasis added)).  "The preeminent concern of Congress in passing the [FAA] was to enforce private agreements into which parties had entered, and that concern requires that we rigorously enforce agreements to arbitrate, even if the result is 'piecemeal' litigation . . . ."  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985).

## B. Plaintiff Agreed to Arbitrate Her Claims.

When considering a motion to compel arbitration, the Court must answer two questions:

(1) does a valid agreement to arbitrate exist; and, if so, (2) does the arbitration agreement encompass the dispute or claims at issue? *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). When, as here, the answer to both of these questions is "yes," then a court must compel arbitration. *Id*.

First, it is clear that a valid agreement to arbitrate exists; Plaintiff signed the Arbitration Agreement on December 26, 2018, in connection with her hire by CZI. Backs Decl., ¶ 8.

As to the second question: the Arbitration Agreement clearly states that any dispute "that has arisen, or may arise in the future, from or in connection with Your employment with the Company (or any of its affiliates) or the termination of Your employment with the Company (or any of its affiliates) must be submitted for resolution to mandatory, binding arbitration." Backs Decl., Ex. B. Here, Plaintiff has alleged violations of the federal and California Equal Pay Acts, claims of gender and disability discrimination, and gender-based harassment. There is no question that all of Plaintiff's claims arise out of her employment, and thus fall within the scope of disputes that the Parties agreed must be resolved in arbitration. In short, because both questions are answered in the affirmative, the Court should compel arbitration.

**C.      The Arbitration Agreement Is Valid and Enforceable.**

A party moving to compel arbitration meets its initial burden by attaching a copy of a purported agreement to arbitrate along with the nonmoving party's signature. *Espejo v. So. Cal. Permanente Med. Grp.*, 246 Cal. App. 4th 1047, 1060 (2016). CZI having done so, it is Plaintiff's burden to show why the Arbitration Agreement should not be enforced. *Szetela v. Discover Bank*, 97 Cal. App. 4th 1094, 1099 (2002) ("Szetela, as the party opposing arbitration, has the burden of proving the arbitration provision is unconscionable."). Backs Decl. ¶ 8, Ex. B.

While Plaintiff has offered no reasoning at all as to why she will not stipulate to arbitration (Ghali Decl. ¶ 3, Ex. 1), Defendant anticipates that Plaintiff will argue that the Ending Forced Arbitration Act ("EFAA") applies, and/or that the arbitration agreement is unconscionable. Neither argument holds water.

### 1.    The EFAA Does Not Apply.

CZI anticipates that Plaintiff will assert that the EFAA should exclude her entire case from arbitration, because of her Ninth Claim for Harassment-Hostile Work Environment.  Compl. ¶¶ 141-155; 9 U.S.C. §402(a) (2022 amendment to FAA stating that no arbitration agreement "shall be valid or enforceable with respect to a case" that alleges "conduct constituting a sexual harassment dispute").  However, the EFAA has no bearing here, because Plaintiff's thinly-pleaded harassment claim is implausible on its face.

Setting aside that Plaintiff's Complaint provides no detail about the purported timing of the alleged harassment (and the EFAA only applies to harassment that arose after March 2022),[2] Plaintiff's allegations do not plausibly state a claim for sexual harassment, and thus, as a matter of law, the EFAA does not apply.  *See Van De Hey*, 2025 WL 829604, at *3 (compelling arbitration where harassment claim was not plausibly pled; the EFAA "is best read to 'implicitly incorporate the plausibility standard,'" so as to not "incentivize the bringing of 'facially unsustainable' claims as a mechanism to evade otherwise binding arbitration agreements"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Even a cursory review of Plaintiff's harassment allegations, which are limited to Paragraphs 24, 25, and 145 of the Complaint, demonstrates that she has not plausibly pled a harassment claim.  Compl. ¶¶ 24, 25, 145 (alleging that "female employees regularly required to perform administrative and personal service tasks not imposed on similarly situated male employees," and that her supervisor "made unwelcome, offensive, severe and pervasive comments concerning female employees' appearance, weight, perceived personal characteristics" and made "biased and disparaging comments").  These allegations are insufficient for at least

---

[2] Ultimately, as a North Carolina resident, Plaintiff will not be able to show that the FEHA (and its three-year statute of limitations) applies to her claims, as opposed to Title VII (which has a one-year statute of limitations), but this argument should be addressed in the arbitral forum.  *See* Compl. ¶ 8; *Campbell v. Arco Marine, Inc.*, 42 Cal. App. 4th 1850, 1860 (1996) (FEHA should "not be construed to apply to nonresidents employed outside the state when the tortious conduct did not occur in California.").

three reasons.

First, Plaintiff's allegations of unequal pay or withdrawal of a promotion are mere allegations of differential treatment in personnel decisions that do not plausibly amount to harassment. Compl. ¶¶ 145; *Van De Hey*, 2025 WL 829604, at *4 (evaluating the EFAA and compelling arbitration because "allegations regarding . . . pay and promotions do not themselves constitute harassment withing the meaning of the FEHA"); *Johannessen v. JUUL Labs, Inc.*, No. 3:23-cv-03681-JD, 2024 WL 3173286, at *4 (N.D. Cal. June 24, 2024) (evaluating the EFAA and compelling arbitration because allegations of changes to the plaintiff's job duties after maternity leave "plausibly allege[d] discrimination or gender bias by the employer for pleading purposes, but not sexual harassment in interpersonal relationships at work"). Similarly, Plaintiff's allegations that her supervisor "removed significant job responsibilities and programs Plaintiff had developed, excluded Plaintiff from leadership communications and meetings, and reassigned portions of her work to others," even if true, amount to little more than "'snubbing by supervisors,' which courts have repeatedly held does not constitute harassment under FEHA." Compl. ¶ 145; *Tandon v. GN Audio USA, Inc.*, No. 5:19-cv-00212-EJD, 2021 WL 242916, at *13 (N.D. Cal. Jan. 25, 2021), *aff'd*, No. 21-15312, 2022 WL 1210945 (9th Cir. Apr. 25, 2022) (collecting cases).

Second, considering the "totality of the circumstances," Plaintiff's allegations do not plausibly plead a harassment claim. "The factors that can be considered in evaluating the totality of the circumstances are: (1) the nature of the unwelcome sexual acts or works (generally, physical touching is more offensive than unwelcome verbal abuse); (2) the frequency of the offensive encounters; (3) the total number of days over which all of the offensive conduct occurs; and (4) the context in which the sexually harassing conduct occurred." *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 609-10 (1989). One or two comments are not sufficient, particularly when the complaint does not detail the circumstances surrounding the comments, such as when the comments happened and how often. *Van De Hey*, 2025 WL 829604, at *5 ("The remaining two incidents, even when considered within the totality of the circumstances that

Van De Hey alleges . . . are not sufficiently severe to plausibly allege harassment. While one or two comments can be enough to allege harassment if the comments are sufficiently severe, the [allegations do] not say whether this happened more than twice during her two years of employment or provide any other information about the pervasiveness of the alleged harassment.").

Here, Plaintiff's conclusory allegations – even if the Court assumes that they occurred after March of 2022 – only allege that her supervisor, Defendant Girish Patangay ("Patangay"):

- "made repeated unwelcome, offensive, severe and pervasive comments concerning female employees' appearance, weight, and perceived personal characteristics, and monitored or referenced female employees' personal social media activity in workplace discussions." Compl. ¶ 25.
- "made biased and disparaging comments to Plaintiff and other women in the workplace based on their sex/gender . . . ." Compl. ¶ 145.
- "subjected [Plaintiff] to sexist remarks, including frequently talking down to her, subjecting her to hostility and gaslighting . . . ." Compl. Ex. A.

These threadbare allegations do not demonstrate that, under the totality of the circumstances, Plaintiff has sufficiently pleaded cognizable sexual harassment. *See JUUL Labs,* 2024 WL 3173286, at *4 ("The complaint does not allege that Johannessen was subjected to unwelcome sexual advances or experienced 'epithets, derogatory comments or slurs' on the basis of her gender or pregnancy. It does not allege physical or visual harassment of a sexual nature." (internal citations omitted)); *see also Conway v. City of Palm Desert*, No. 5:21-cv-01144-SPG-SP, 2022 WL 19237935, at *10 (C.D. Cal. Sept. 6, 2022) (dismissing Plaintiff's cause of action for workplace harassment finding the allegations that his employer made "negative comments about him taking time off," and that he was "subjected to severe and/or pervasive harassment based on his physical disability," were conclusory and insufficient because plaintiff's allegations "simply recite the standard for FEHA workplace harassment but don't actually describe any actionable conduct that is either 'severe or pervasive,' and that he also failed to allege how

frequently the offensive conduct occurred"); *Feast-Williams v. Merrill Lynch Fenner Pierce & Smith Inc.*, No. CV 18-06451 SJO (SSx), 2018 WL 9517023, at \*5 (C.D. Cal. Dec. 18, 2018) (dismissing harassment claims where isolated comments regarding plaintiff's childcare situation were not "severe or pervasive," nor "intended [] to be demeaning in any way").  As in the cited cases, Plaintiff's conclusory allegations largely "recite the standard" for harassment, without alleging anything that approaches severe or pervasive conduct.

Indeed, Plaintiff's Complaint does not even distinguish between comments Patangay allegedly **made to or about Plaintiff**, from those allegedly **made to or about other women**, nor does Plaintiff allege that she even witnessed these comments.  *See* Compl. ¶¶ 25, 145.  Importantly, claims of a hostile work environment based on the treatment of **others** are subject to a higher standard.  *See Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 285 (2006) ("A hostile work environment sexual harassment claim by a plaintiff who was not personally subjected to offensive remarks and touching requires 'an even higher showing' than a claim by one who had been sexually harassed without suffering tangible job detriment: such a plaintiff must 'establish that the sexually harassing conduct permeated [her] direct work environment.'  To meet this burden, the plaintiff generally must show that the harassment directed at others was in her immediate work environment, and that she personally witnessed it." (internal citations omitted)); *Alexander v. Cmty. Hosp. of Long Beach*, 46 Cal. App. 5th 238, 262 (2020) ("To establish a hostile work environment caused by the treatment of others, the plaintiff generally must show that the harassment directed at others was in [her] immediate work environment, and that [s]he personally witnessed it."); *see also Peterson v. U.S. Bancorp Equip. Finance, Inc.*, No. C 10-0942 SBA, 2010 WL 2794359, at \*3 (N.D. Cal. July 15, 2010) (allegations that the plaintiff "witnessed, experienced, and or became aware of various forms and instances of hostile, disparaging and/or offensive treatment regarding or directed toward woman [sic] at USBEF by its male managers and officials, and made complaints and/or objections regarding such behavior" are too vague and conclusory to state a claim for sexual harassment).

Third, because Plaintiff bases her claim at least in part on treatment of others, Plaintiff

must also allege facts to demonstrate that the alleged sexual harassment actually altered the terms and conditions of her employment, which she has not done. *See Peterson*, 2010 WL 2794359, at *3 (dismissing a sexual harassment claim because the plaintiff failed to show "facts alleged to establish that the alleged harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment"); *Lyle*, 38 Cal. 4th at 292 (affirming summary judgment on sexual harassment claim where alleged comments, while offensive and gender-based, were not sufficiently severe or pervasive, and there was no evidence they were directed at plaintiff or other female employees). Plaintiff's Complaint alleges the opposite: she claims to have been a "top performer" and to have received higher scores than the majority of other workers on CZI's employee engagement survey. Compl. ¶ 34.

Further, while Plaintiff alleges that she was purportedly denied a promotion, an allegation that Plaintiff was denied a "verbal promise of a promotion," does not demonstrate a cognizable adverse action. *See Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005) (discussing the elements of a failure to promote claim)). But even if it did, Plaintiff's Complaint and Charge make clear that this allegation relates to her claim of **disability** discrimination, not sexual harassment. *See* Compl. Ex. A, Charge at 2:13-14 (alleging "shortly after a medical emergency during work travel, she was informed that the promotion would not move forward"); Compl. ¶¶ 27-28.

In short, Plaintiff's conclusory and threadbare sexual harassment allegations appear to have been injected in this case for the sole purpose of evading arbitration – which is directly contrary to what Congress intended in enacting the EFAA. *See, e.g., Lambert v. New Start Cap. LLC*, 799 F. Supp. 3d 258, 285 (S.D.N.Y. 2025) (noting that in passing the EFAA, "multiple legislators expressed concern that 'lawyers [may] try to game the system' by 'tak[ing] unrelated claims out of the arbitration contract'"; "[i]n response to such concerns, the bill's cosponsors emphasized that the language of the statute should be 'narrowly interpreted' to prevent 'destroying predispute arbitration agreements in all employment matters'" (citing 168 Cong. Rec. S625 (2022))). Because Plaintiff's Complaint fails to plausibly state a claim of sexual

harassment, the EFAA has no bearing on the outcome of this Motion.

**2.    The Arbitration Agreement Is Not Unconscionable.**

In the employment context, it is well settled that arbitration must be compelled unless the agreement itself is unconscionable. *See Roman v. Super. Ct.,* 172 Cal. App. 4th 1462, 1468 (2009). The "prevailing view is that [procedural and substantive unconscionability] must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." *Armendariz v. Foundation Health Psychcare Svcs., Inc.*, 24 Cal. 4th 83, 114 (2000); *see also Pinnacle Museum Tower Assn. v. Pinnacle Market Dev. (US), LLC*, 55 Cal. 4th 223, 246-47 (2012) (applying *Armendariz* and concluding that the arbitration agreement must be procedurally and substantively unconscionable to be unenforceable).

**a.    The Arbitration Agreement Is Not Procedurally Unconscionable.**

Procedural unconscionability "focuses on the elements of oppression and surprise." *Serafin v. Balco Properties Ltd., LLC*, 235 Cal. App. 4th 165, 177 (2015). The "oppression" element "arises from an inequality of bargaining power." *Id*. The "surprise" element "involves the extent to which the terms of the bargain are hidden in a 'prolix printed form' drafted by a party in a superior bargaining position." *Id*. (citation omitted).

Courts have consistently held that, despite some measure of inequality in bargaining power, employers may require employees to sign arbitration agreements covering employment claims as a condition of their employment, as CZI did here. *See, e.g., Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33 (1991); *Bradley v. Harris Research, Inc.*, 275 F.3d 884, 892 (9th Cir. 2001) ("A bald assertion of inequality in bargaining power is an insufficient basis on which to find a contract provision unenforceable"); *Sanchez v. Carmax Auto Superstores California, LLC*, 224 Cal. App. 4th 398, 402 (2014) ("[T]hat the agreement is required does not make it unenforceable, absent other factors"); *Lagatree v. Luce, Forward, Hamilton & Scripps*, 74 Cal. App. 4th 1105, 1127 (1999) ("[T]he cases uniformly agree that a compulsory predispute arbitration agreement is not rendered unenforceable just because it is required as a condition of employment or offered on a 'take it or leave it' basis."); Backs Decl.

¶ 7, Ex. A.  As a result, Plaintiff cannot show oppression.

Plaintiff cannot show surprise either.  The title of the Agreement is "Agreement for Arbitration of Disputes."  In the opening paragraph, the Agreement states that "You and the Company both waive the right to have a jury trial for all employment-related disputes . . . ."  Backs Decl., Ex. B .

Accordingly, the Arbitration Agreement is not procedurally unconscionable.

### b.    The Arbitration Agreement Is Not Substantively Unconscionable.

The Agreement is not substantively unconscionable either.  "'Substantive unconscionability' focuses on the terms of the agreement and whether those terms are 'so one-sided as to '**shock the conscience**.'' "  *Kinney v. United HealthCare Servs., Inc.*, 70 Cal. App. 4th 1322, 1330 (1999), *implied overruling recognized on other grounds by Lucas v. Hertz Corp.*, 875 F. Supp. 2d 991 (N.D. Cal. 2012) (emphasis in original).  Substantive unconscionability is present when there would be "overly harsh" or "one-sided" results.  *Armendariz*, 24 Cal. 4th at 114 (citations omitted).  As the *Armendariz* Court explained, an arbitration agreement must have some "modicum of bilaterality" to avoid substantive unconscionability.  *Id.* at 116-17.  Bilaterality exists when both parties are bound to submit their claims to arbitration, subject to the same rules and procedures and the same advantages and disadvantages.

Here, the Arbitration Agreement is a mutual agreement to arbitrate that requires both Plaintiff and CZI to submit their disputes to arbitration.  *See* Backs Decl., Ex. B.  By its express terms, the Arbitration Agreement embraces mutuality and establishes fair procedural safeguards since it references multiple times the parties' mutual obligation to arbitrate.  *See 24 Hour Fitness, Inc. v. Super. Ct.*, 66 Cal. App. 4th 1199, 1213 (1998) (no substantive unconscionability where the arbitration provision applied equally to employer and employee).  Because the Arbitration Agreement is bilateral and both sides are subject to the same rules, the Arbitration Agreement is not substantively unconscionable and should be enforced.

Moreover, the Arbitration Agreement complies with the *Armendariz* fairness standards as it applies JAMS Rules to the proceeding, which provide for (1) a neutral arbitrator; (2) more than

minimal discovery; (3) a written award; (4) all types of relief otherwise available in court; and (5) a payment arrangement that does not require a plaintiff to bear the arbitrators' fees or expenses as a condition of access to the arbitration forum.  *See* Ghali Decl. ¶ 4 (citing JAMS Employment Arbitration Rules & Procedures, Rules 7(c) (neutral arbitrator), 17 (discovery), 24(h) (written award), 24(c) (all relief available in court), 31(c) (no requirement that employee bear arbitrator fees)).  Thus, the Arbitration Agreement is not substantively unconscionable and should be enforced.

Further, should Plaintiff claim that any provisions of the Arbitration Agreement are unconscionable, and to the extent this Court agrees, any such provisions can and should be severed.  *See Ramirez v. Charter Commc'ns, Inc.,* 16 Cal. 5th 478, 513 (2024) ("The 'strong legislative and judicial preference is to sever the offending term and enforce the balance of the agreement'"(citing *Roman v. Superior Ct.*, 172 Cal. App. 4th 1462, 1477 (2009))).

### D.    Plaintiff's Claims Must Proceed on an Individual Basis in Arbitration.

Because the plain terms of the Arbitration Agreement require that disputes be resolved in arbitration, on an **individual basis** only, her class and collective claims should be dismissed.  *See, e.g.*, *BMO Bank*, 2026 WL 381814, at *5 (granting motion to compel arbitration, stay the motion until arbitration is completed, and dismiss all class claims).

Specifically, the Arbitration Agreement states: "You and the Company each are waiving the right to initiate or participate in a class action, collective action, or representative action for all employment-related disputes."  Backs Decl., Ex. B.  To be sure, the Arbitration Agreement then repeats the waiver language in all caps.  *Id.*

Plaintiff's First and Second Causes of Action, and paragraphs 51 to 67 of the Complaint, assert collective and class claims related to her allegations of unequal pay.  These allegations fall squarely in the scope of the class and collective action waiver of the Arbitration Agreement and should be stricken.  *See Concepcion*, 563 U.S. at 342-44; *Ruiz v. Conduent Comm. Solutions, LLC*, No. 1:21-CV-1555 JLT CBD, 2023 WL 3379300, at *12 (E.D. Cal. May 11, 2023) (granting defendant-employer's motion to compel arbitration and dismissing all putative class

claims: "An arbitration agreement may contain an enforceable waiver that waives the right to initiate or participate in a class action," and here, the employer's form arbitration agreement "requires that all covered claims be submitted and arbitrated on an individual basis and expressly waives [plaintiff]'s rights to initiate or participate in class actions . . . . Therefore, the Court will give effect to the [agreement]'s class action waiver and **dismiss all of [plaintiff]'s class claims**") (emphasis added) (citing *Concepcion*, 563 U.S. at 351)); *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1075-77 (9th Cir. 2014) (affirming district court's decision dismissing class action pursuant to class action waiver).

### E.      Plaintiff's Representative PAGA Claim Should be Stayed Pending Arbitration of her Individual PAGA Claim.

Plaintiff's individual PAGA claim should be compelled to arbitration, and the representative PAGA action stayed pending the arbitrator's evaluation of whether she has standing to pursue PAGA claims on behalf of any aggrieved employees.  As the California Supreme Court held in *Adolph*, "*Viking River* requires enforcement of agreements to arbitrate a PAGA plaintiff's individual claims if the agreement is covered by the FAA."  14 Cal. 5th at 1119. Therefore, a plaintiff must first establish standing to proceed with representative PAGA claims on behalf of employees other than herself.  *See id.* at 1123-24 ("If the arbitrator determines that Adolf is not an aggrieved employee and the court confirms that determination and reduces it to a final judgment, the court would give effect to that finding, and Adolf could no longer prosecute his non-individual claims due to lack of standing."); *Viking River*, 596 U.S. at 662-63 ("a plaintiff can maintain non-individual PAGA claims in an action only by virtue of also maintaining an individual claim in that action").  In accordance with the Arbitration Agreement, Plaintiff must establish standing through individual arbitration.

Pending the arbitration of Plaintiff's individual claims, the PAGA claims brought by Plaintiff on behalf of others at CZI must be stayed.  Under the FAA, a stay of any remaining non-arbitrable litigation is mandatory. 9 U.S.C. § 3; *see Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1048 (9th Cir. 1996) ("The Federal Arbitration Act requires a court to stay an action whenever the parties to the action have agreed in writing to submit their claims to arbitration.").

Such a stay also makes practical sense here since even with a liberal read of the pleadings, because Plaintiff, a North Carolina resident, has not alleged sufficient (or any) work in the state of California to bring claims under the Labor Code. *See Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1206 (2011) (holding that an out-of-state resident could only state a claim under the Labor Code for work performed in the state). Such a stay will also conserve limited judicial resources while an arbitrator determines whether Plaintiff can even avail herself of the Labor Code, let alone whether she suffered any individual statutory violation to support PAGA liability.

## IV.   CONCLUSION

For the foregoing reasons and under the authority of the FAA, Defendant respectfully requests that the Court enforce the parties' Arbitration Agreement, compel Plaintiff's individual claims to arbitration, dismiss her class and collective claims, and stay her representative PAGA claim pending conclusion of the arbitration.

DATED:  April 3, 2026                              GBG LLP


BY:           /s/ Jen Cornell
                      JEN CORNELL

Attorneys for Defendant
CHAN ZUCKERBERG INITIATIVE, LLC