ELIZABETH A. BROWN (SB# 235429)
TERESA W. GHALI (SB# 252961)
JEN CORNELL (SB# 320529)
RYAN C. KING (SB# 351149)
GBG LLP
lisabrown@gbgllp.com
teresaghali@gbgllp.com
jencornell@gbgllp.com
ryanking@gbgllp.com
601 Montgomery Street, Suite 840
San Francisco, CA  94111
Telephone:  (415) 603-5000
Facsimile:  (415) 840-7210

Attorneys for Defendants
CHAN ZUCKERBERG INITIATIVE, LLC
and GIRISH PATANGAY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE SITEMAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHAN ZUCKERBERG INITIATIVE, LLC, a Limited Liability Company; GIRISH PATANGAY, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:26-cv-02362-JD<br><br>**DEFENDANTS' NOTICE REGARDING MOTION TO COMPEL ARBITRATION, STRIKE CLASS ALLEGATIONS, AND STAY PROCEEDINGS**<br><br>Date:          August 6, 2026<br>Time:          11:00 a.m.<br>Judge:        Hon. James Donato<br>Courtroom:  11, 19th Floor |

Case No. 3:26-cv-02362-JD

89186194.v2

DEFENDANTS' NOTICE REGARDING
MOTION TO COMPEL ARBITRATION

Defendants rest on their existing papers in renewing their motion to compel arbitration, because the FAC provides no new factual allegations to revive Plaintiff's harassment claim.  This is the fourth iteration of Plaintiff's claim, following her CRD complaint, original complaint, and 4/17/26 Declaration.  Reviewing this FAC presents no new questions of law.

Instead, in a plain attempt to avoid her agreement to arbitrate, Plaintiff's additional FAC allegations merely add window dressing to the preexisting allegations, by: (1) adding further inflammatory language regarding Patangay's alleged Zoom behavior (e.g., while alleging no new statements, much less sexual statements, Plaintiff now claims previously alleged statements about her lack of makeup were "sexual" in nature); (2) using sleight of hand to claim that Patangay's innocuous actions, such as following coworkers on Facebook or asking an employee to order lunch, "communicated" that he was tracking their "sexual physical appearance," or "saw women as mere sexual objects good for only menial tasks" -- even as, notably, Plaintiff never alleges Patangay ever actually said any of the things he supposedly "communicated"; *see, e.g.* FAC ¶¶ 25, 27-30, 38); (3) continuing to mischaracterize common events, like work dinners, as "inappropriate," based on Plaintiff's own description of her colleagues attending the dinners as "sexually provocative" (a descriptor she does not allege Patangay used); (4) citing mere personnel decisions, like work assignments, as harassment; and (5) citing alleged comments to other individuals that did not impact Plaintiff's employment.  In short, in this fourth bite at the apple, Plaintiff doubles down on passing off her own subjective interpretation of common workplace interactions as objective fact.  As before, these are, at most, allegations of discrimination.

Plaintiff should not be able to add superlatives and her subjective interpretation to the same basic allegations to circumvent her agreement to arbitrate. Plaintiff's class and collective claims should be dismissed pursuant to her valid class action waiver, her PAGA claims stayed, and her individual claims compelled to individual arbitration.

DATED:  June 25, 2026                         GBG LLP

                                              BY:_____ */s/ Teresa W. Ghali*_____
                                                        TERESA W. GHALI
                                              Attorneys for Defendants
                                              CHAN ZUCKERBERG INITIATIVE, LLC
                                              and GIRISH PATANGAY

Case No. 3:26-cv-02362-JD                 - 1 -        DEFENDANTS' NOTICE REGARDING
                                                       MOTION TO COMPEL ARBITRATION

89186194.v2